## SOMMER v. ROTARY LIFT CO. et al.
### No. 6847.

Circuit Court of Appeals, Ninth Circuit.

Sept. 6, 1933.

Raymond Ives Blakeslee and Kelly L. Taulbee, both of Los Angeles, Cal., for appellant.

Lynn A. Williams, of Chicago, Ill., and Chas. M. Fryer and Alfred C. Aurich, both of San Francisco, Cal., for appellees.

Before WILBUR, SAWTELLE, and MACK, Circuit Judges.

WILBUR, Circuit Judge.

This is an appeal from a preliminary injunction in a patent infringement suit. The appellee Peter J. Lunati is the patentee of a lifting device for motor vehicles, and the Rotary Lift Company is a licensee under this patent.

It appears from the complaint that the validity of this patent had been litigated in the District Court of the United States for the Western District of Tennessee, in which case a final decree had been entered November 18, 1929. The appellant opposed the motion for preliminary injunction on the ground that the patent was invalid for the reason that no invention was involved in the hydraulic lifting device which was covered by the patent and upon the ground that there was no infringement of the patent even if valid because of the fact that defendant's hydraulic lifting device differed from the patented device and was the result of a teaching of the prior art rather than of any combination of elements such as were described in Lunati's patent. It is clearly recognized by the parties, and well established by the decisions, that the question for the appellate court to consider in an appeal from a preliminary injunction is solely that of whether or not, under the circumstances, the trial court has exercised sound discretion in granting the preliminary injunction. It has been held by the Supreme Court, in Mast, Foos & Co. v. Stover Mfg. Co., 177 U. S. 495, 20 S. Ct. 708, 44 L. Ed. 856, that upon an appeal from a preliminary injunction the appellate court being satisfied that there was no invention had power to order a dismissal of the bill. This, of course, should rarely be done. The appellant, by his affidavits in opposition to the issuance of the preliminary injunction sought to have the court adjudicate the invalidity of the patent, or, at any rate, to impress the court that the validity of the patent was doubtful. He now seeks on this appeal an adjudication that the patent is invalid. The question thus advanced is whether the application of an hydraulic lift to the raising of an automobile sufficiently high to service its under parts is an invention or merely an application of well known principles utilized daily in hydraulic elevators for decades.

The record presented by the appellant consists of two volumes containing in all 1,062 pages. It is inexcusably long and no effort has been made to comply with Rule No. 75, subd. B, with relation to preparation of statement on appeal. In the praecipe for appeal we find, among other things in-

dicated, a "Reporters' transcript of proceedings on motion for preliminary injunction and all proceedings on all other motions, hearings and matters reported, and of which transcript was prepared, to go up as physical exhibits." This portion of the præcipe was objected to by the appellee on the ground that "these proceedings are sought to be brought before the Circuit Court of Appeals in the form of physical exhibits whereas, in the light of the assignments of error made in this cause it is indispensable that those documents be incorporated in the printed record." The objections were heard by the trial judge, whereupon the following order was made:

"The court orders that the objections of the plaintiff are sustained with the privilege granted to the defendant, if so advised, to include as a part of the printed record on appeal the reporter's transcript of proceedings on motion for preliminary injunction and all proceedings on all other motions, hearings and matters reported and of which a transcript was prepared. * * *

"The objections of the defendant to the plaintiff-appellees' præcipe on appeal are sustained except as to objection No. 25 and as to that objection the same is overruled. An exception is allowed to each of the parties on these rulings."

Equity Rule No. 75 (28 USCA § 723) contemplates the preparation of a proposed statement on appeal much as a proposed bill of exceptions is prepared, and the presentation by the appellant of this proposed statement, with the appellees' objections thereto, to the judge for settlement, and "when approved, it shall be filed in the clerk's office and become a part of the record for the purposes of the appeal." The rule provides that the duty of condensing and stating the evidence shall rest upon the appellant "who shall prepare his statement and lodge the same in the clerk's office." No such statement was prepared and the record on appeal contains no statement on appeal. As the result of this method of presenting the record we are confronted with 268 pages of reporter's transcript of proceedings on the motion to "strike plaintiff's motion for a preliminary injunction and papers annexed thereto from the files and to dismiss such motion for preliminary injunction for want of prosecution and notice thereof." This reporter's transcript occupies pages 553 to 821, and consists almost entirely of the argument of counsel upon the motion to dismiss. Beginning on page 822 we have what purports to be the

reporter's transcript of proceedings on various motions made on December 21, 1931. These various motions relate to the interrogatories propounded by both parties. This proceeding occupies 66 pages of the transcript. On page 888 of the transcript appears what purports to be a reporter's transcript "of hearing of objections to plaintiff's interrogatories other than Nos. 7, 9 and 11, and various other motions." It appears from the colloquy between court and counsel that these motions include objections to proposed interrogatories, motion for bill of particulars, and motion to strike out a motion for bill of particulars. The colloquy between court and counsel occupies 12 pages of the transcript. The transcript contains 82 pages of the brief of the appellant opposing the motion for preliminary injunction, pages 58 to 140, inclusive. The affidavit of Lamar Lyndon occupies 101 pages of the transcript, 340 to 440, inclusive. The only thing indicating that this affidavit was used on the application for preliminary injunction is the statement in the transcript, "Affidavit of Lamar Lyndon in opposition to plaintiffs' showing on preliminary injunction order."

The transcript contains letters and telegrams sent by the respective parties to the trial judge. They are authenticated in no way other than by a certificate of the clerk, and it does not appear whether or not such correspondence was presented to the trial judge at the time of the hearing of the application for a preliminary injunction. In any event, they are wholly irrelevant to the questions presented on appeal from the order granting preliminary injunction.

The appellant has not only incorporated in the record a great amount of material which is entirely irrelevant to the questions arising on this appeal, but has predicated thereon an argument that the trial judge was biased and prejudiced. The question on this appeal is whether or not the trial judge has exercised sound judicial discretion in granting the preliminary injunction. His personal attitude in the matter is entirely immaterial. However, we have examined the matters referred to in the transcript and find no justification whatever for the suggestion of bias or prejudice on the part of the trial judge.

The submission of this case is vacated. The appellant is directed to prepare a statement on appeal in accordance with the provisions of rule 75 for settlement by the trial judge, within thirty days hereafter unless further time is granted by the trial judge.

This statement must omit all argument and briefs in the trial court and include only the affidavits and showing made at the time of the presentation of the motion for preliminary injunction. This statement on appeal, when settled, shall be filed with the clerk of this court and printed as a supplemental transcript, except that affidavits already appearing in the printed transcript need not be reprinted but may be referred to by page and volume of the printed transcript now on file herein. Appellant may file a supplemental brief within thirty days after the printing of the supplemental transcript. The portions of the appellant's brief dealing with the subject of the alleged bias and prejudice of the trial judge and with the personal affairs of the appellees' attorney, and all the arguments based upon the irrelevant material contained in the present transcript are stricken out. Appellees may file a supplemental reply brief within thirty days after the receipt of the appellant's brief, and the case will thereafter stand submitted.