**BOWLES, Price Administrator, v. FALCONE.**

Civil Action No. 5425.

District Court, E. D. Pennsylvania.

Dec. 14, 1945.

Cyril F. Pessolano, of Philadelphia, Pa., for plaintiff.

I. Finkelstein, of Philadelphia, Pa., for defendant.

KALODNER, District Judge.

This action was brought by the Administrator of the Office of Price Administration pursuant to Sections 205(a) and 205 (c) of the Emergency Price Control Act of 1942, 56 Stat. 23, as amended, 50 U.S.C.A. Appendix § 925(a) and 925(c), to enjoin the defendant from engaging in alleged violations of Section 4(a) of that Act, 50 U.S. C.A.Appendix § 904(a), in that the defendant has violated Maximum Rent Regulation No. 28, redesignated Rent Regulation for Housing, effective June 1, 1943 (8 F.R. 7322), as amended. This regulation, inter alia, establishes maximum rents for housing accommodations within the Philadelphia Defense Rental Area.

A hearing on the motion for preliminary injunction was held by this Court on December 6, 1945, at which time it was agreed that the Hearing be considered as final.

The requests for findings of fact and conclusions of law having been filed December 12, 1945, the matter is now ripe for disposal.

There is no question that the defendant was, at the time of the alleged violations, and is, the landlord of the premises involved, and the simple issue is whether he has violated the Act and the Regulations.

Section 3 of the Rent Regulation for Housing requires that every landlord shall, as a minimum, provide with housing accommodations the same essential services, furniture, furnishings, and equipment as those provided on the date on which the maximum rental was determined. On that date, it is undisputed, the landlord defendant herein agreed to provide and did provide heat and hot water to the tenants of the housing accommodations at 401 North 63rd Street, in Philadelphia, Pennsylvania.

Section 6(a) of the aforesaid Regulation requires that no tenant shall be removed from any housing accommodations, by action to evict or to recover possession, by exclusion from possession, or otherwise, nor shall any person attempt such removal or exclusion from possession, except upon the grounds and in the manner provided by the aforesaid section of the Regulation.

Admittedly, the defendant has failed to conform to Section 3 of the Regulation by failing to supply heat and hot water. It is clear that this constitutes a violation of not only Section 3, but also, indirectly, of Section 6(a).

Accordingly, upon consideration of the pleadings, admissions and arguments of counsel, I make the following

### Findings of Fact

1. The plaintiff is the Administrator of the Office of Price Administration.

2. The defendant, Charles J. Falcone, has been, and now is, the landlord of housing accommodations within the Philadelphia Defense-Rental Area, known and numbered as 401 North 63rd Street, Philadelphia, Pennsylvania, and has rented and now rents apartments located within the aforesaid premises to various tenants.

3. Pursuant to the provisions of Section 2(a) of the Emergency Price Control Act of 1942, as amended, 56 Stat. 23, and 765, 57 Stat. 566, 50 U.S.C.A. Appendix § 902(a), the Price Administrator issued and there was published in the Federal Register Maximum Rent Regulation No. 28, effective July 1, 1942, redesignated Rent Regulation for Housing, effective June 1, 1943, (8 F.R. 7322), hereinafter referred to as the "Regulation," which Regulation as amended has been at all times since the date of its issuance in full force and effect. Said Regulation, inter alia, establishes maximum rents for housing accommodations within the Philadelphia Defense-Rental Area.

4. Section 13(8) of the said Regulation provides that "landlord" includes an owner, lessor, sublessor, assignee or other person receiving or entitled to receive rent for the use or occupancy of any housing accommodations, or an agent of any of the foregoing.

5. The said Regulation requires in Section 3 that every landlord shall, as a minimum, provide with housing accommodations the same essential services, furniture, furnishings and equipment as those provided on the date determining the maximum rent. On that date, the landlord at that time agreed to provide and did provide heat, and hot water to the tenants of the housing accommodations, 401 North 63rd Street, Philadelphia, Pennsylvania.

6. The said Regulation requires in Section 6(a) that no tenant shall be removed from any housing accommodations, by action to evict or to recover possession, by exclusion from possession, or otherwise, nor shall any person attempt such removal or exclusion from possession, except upon the grounds and in the manner provided by the aforesaid section of the Regulation.

7. The defendant has violated the Regulation in the following particulars:

A. The defendant has wilfully failed to provide the essential services of heat and hot water, and although fully notified of the Rent Regulation and his obligation thereunder, has intentionally and deliberately discontinued the aforesaid essential services.

B. The defendant has attempted to cause the removal and exclusion of the tenants from the aforesaid housing accommodations by completely depriving the tenants of the essential services of heat and hot water, thus rendering the housing accommodations unsuitable for habitation.

8. The issuance by the Court of an order enforcing compliance with the provisions of the Act, is specifically authorized by Section 205(a) of the Act, and is necessary to prevent violations and enforce compliance in the future.

598

9. Public interest, in the control and prevention of evictions from housing accommodations, requires injunctive relief in this case.

And I state the following

Conclusions of Law

1. This Court has jurisdiction of this action brought by the Administrator of the Office of Price Administration, pursuant to Section 205(a) of the Emergency Price Control Act of 1942, as amended, to enjoin acts and practices of the defendant constituting violations of Section 4(a) of the said Act and of Maximum Rent Regulation No. 28, effective July 1, 1942, redesignated Rent Regulation for Housing, effective June 1, 1943 (8 F.R. 7322).

2. This Court has jurisdiction over the defendant.

3. The defendant has violated the Regulation as described in Finding of Fact No. 7.

The motion for injunction is granted, and an order may be submitted in accordance with this opinion.