**BOWLES, Adm'r, Office of Price Administration, v. QUON et al.**

No. 11105.

Circuit Court of Appeals, Ninth Circuit.
March 12, 1946.

George Moncharsh, Deputy Adm'r for Enforcement, OPA, David London, Acting Director, Litigation Division, and Nathan Siegel, Sp. Appellate Atty., all of Washington, D. C., Herbert Bent, Regional Litigation Atty., of San Francisco, Cal., and Richard F. Gaines, Enforcement Atty., of San Diego, Cal., for appellant.

Fred Quon, in pro. per.

Before GARRECHT, DENMAN and HEALY, Circuit Judges.

GARRECHT, Circuit Judge.

An appeal as this one from a judgment denying an injunction ordinarily brings up nothing for review but the question of whether the trial court's discretion was plainly abused.

The lower court found that between July 3, 1944, and July 28, 1944, in violation of Section 2.8 of General Ration Order No. 8, of paragraphs (a) and (d) (1) and (3) of Section 10.5 of Ration Order No. 16 and paragraphs (a) and (c) (1) and (3) of

Section 9.5 of Ration Order No. 13,[1] appellees sold to R. D. Sikes, operator of the Nanking Cafe at El Centro, California, various rationed meats without obtaining the established point values therefor. At the time of trial a balance of 2397 points was still owed the appellees.

The lower court also found that between the 1st and 15th day of August, 1944, appellees purchased butter from the Golden State Co., Ltd., and violated the provisions of Section 2.8 of General Ration Order No. 8 and paragraphs (1) and (3) of Section 10.5 of Ration Order No. 16 in that appellees failed to surrender the 2400 points due for the butter until August 25, 1944.

Further, the lower court found appellees displayed and offered for sale on August 9, 1944, fourteen items of rationed meats. Only six were posted as to price, only two were posted as to grade and none were posted as to points.

By paragraph 5 of the Findings of Fact the court found that there had been prior violations of similar character.

However, the court found it would be inequitable and unjust to grant injunctive relief.

The Administrator, Office of Price Administration, on this appeal claims the denial of the injunction in the face of the facts as found was manifest error requiring reversal.

The granting or refusing of an injunction here was a matter resting within the discretion of the trial court,[2] and the appellate court will not interfere with or control the action of the court below in such case unless the court has been found guilty of a clear abuse of discretion. An abuse of discretion is a plain error, discretion exercised to an end not justified by the evidence, a judgment that is clearly against the logic and effect of the facts as are found.[3]

The test is not what this court would have done under the same circumstances—that is not enough. The court must feel that only one order could have been entered on the facts. The facts found by the lower court here admittedly support the application for an injunction.[4] On the face of the record, this might be termed an abuse of discretion evidencing a disregard of the facts. Indeed, the facts found by the lower court confute any exercise of discretion.

The wise procedure would have been to issue the injunction. The injunction imposes no punishment—it merely insures better compliance with the Act. The injunction works no hardship on one who intends to comply with the law.

The judgment of the lower court is reversed in accordance with this opinion.

Reversed.

---

[1] The Second War Powers Act, 50 U.S. C.A., Appendix, § 631 et seq.

General Ration Order No. 8, 8 Federal Register, 3783; Ration Order No. 13, 8 Federal Register 3591 and Ration Order No. 16, 8 Federal Register 6731.

[2] Vogel v. Warsing, 9 Cir., 146 F. 949; Sommer v. Rotary Lift Co., 9 Cir., 66 F.2d 809; Wilson v. Byron Jackson Co., 9 Cir., 93 F.2d 572; Rogers v. Hill, 289 U.S. 582, 53 S.Ct. 731, 77 L.Ed. 1385, 88 A.L.R. 744; National Fire Insurance Co. v. Thompson, 281 U.S. 331, 50 S.

Ct. 288, 74 L.Ed. 881; Murray Hill Restaurant v. Thirteen Twenty One Locust, 3 Cir., 98 F.2d 578; cf. Drilling & Exploration Corp. v. Webster, 9 Cir., 69 F.2d 416.

[3] Hale v. Hale, 6 Cal.App.2d 661, 45 P. 2d 246, 247; Graves v. Mount Vernon Trust Co., 2 Cir., 69 F.2d 101; Federal Trade Comm. v. Thomsen-King & Co., 7 Cir., 109 F.2d 516.

[4] cf. Securities and Exchange Comm. v. Sunbeam Gold M. Co., 9 Cir., 95 F. 2d 699.