**FORTER, Adm'r, OPA, v. LUX et al.**

No. 11324.

Circuit Court of Appeals, Ninth Circuit.

Oct. 11, 1946.

George Moncharsh, Deputy Adm'r for Enforcement, David London, Director, Litigation Div., Albert M. Dreyer, Chief Appellate Branch, and Nathan Siegel, Sp. Appellate Atty., OPA, all of Washington, D. C., William B. Wetherall, Regional Litigation Atty., of San Francisco, Cal., and Cecelia P. Gallagher, Enforcement Atty., of Portland, Or., for appellant.

Francis F. Yunker, of Portland, Or., for appellee.

Before DENMAN, BONE, and ORR, Circuit Judges.

ORR, Circuit Judge.

The District Court, in granting an application of the Administrator of the Office of Price Administration, to whom we shall refer as the Administrator, to restrain appellees from violating the Emergency Price Control Act[1] limited the duration

---

[1] 50 U.S.C.A.Appendix, §§ 901, 925.

of the injunction to June 30, 1946. The Administrator complains that such limitation in time is not warranted under the facts of this case.

In the action for injunction initiated by the Administrator treble damages were asked for an alleged violation of the Price Control Act by appellees, such violations consisting of (1) sales of meat at prices in excess of the maximum prices set by the Administrator for such commodities, and (2) failure to keep records required by the Administrator. Under a stipulation filed by attorneys for the respective parties violations of the Price Control Act were admitted by appellees and a consent to injunctive relief was entered. In granting the injunction the District Court caused to be inserted therein the following provision:

"This judgment and decree shall be effective from the date hereof until the 30th day of June, 1946. This judgment and decree is without prejudice to the right of the plaintiff to move for the extension of this judgment and decree beyond the date above mentioned upon appropriate showing of facts justifying such extension. The defendant likewise may move under appropriate circumstances for modification of this judgment and decree prior to the expiration thereof.

"Jurisdiction of the court is retained over the parties and subject matter of this action for these purposes."

The Administrator elected not to take advantage of the opportunity afforded in the order to make application for an extension of the time limitation placed in the restraining order but to appeal therefrom. We think the more orderly process would have been to have given the District Court an opportunity to pass upon the necessity of an extension of time and in the event of a refusal to then appeal.

■ The case of Hecht Co. v. Bowles, 321 U.S. 321, 64 S.Ct. 587, 591, 88 L.Ed. 754, established the rule that in cases of this character the District Court has discretion to grant or refuse the injunction, or to make "some 'other order' more appropriate for the evil at hand than the one which was sought" and emphasizes that the traditional flexibility of the injunctive process was not disturbed by the Price Control Act and the historic power of the chancellor to do equity is not modified.

■ It is well settled that this court will not interfere with the action of a District Court in the exercise of its discretion unless there has been a plain abuse of that discretion.[2]

■ "The test is not what this court would have done under the same circumstances—that is not enough. The court must feel that only one order could have been entered on the facts." Bowles v. Quon, 9 Cir., 154 F.2d 72, 73.

■ The Administrator in his brief makes the statement that "the court below found that defendants [appellees] for a long period had persistently failed to comply with the record keeping requirements." We fail to discover any finding of the court using the term "persistently", nor do we believe such a conclusion can be logically drawn from the language used by the court. Doubtless the argument that the appellees are persistent violators is used by the Administrator to bolster his contention that the District Court abused its discretion in placing the time limit on the injunction. No such finding appearing the contention is not persuasive.

Viewing the record we get the impression that the District Court concluded from the facts then before it that during the time fixed in the injunction opportunity would be afforded to observe the action of appellees and determine whether or not it could reasonably be assumed that they would obey the law in the future. If it was thought that they would not, then the simple procedure of a motion to extend the time was left open. The District Court from the picture it received from the facts and circumstances before it determined the action taken to be "the fairest course to follow" in this situation.

No error is assigned that the court failed to make the injunction sufficiently com-

---

[2] Bowles v. Quon, 9 Cir., 154 F.2d 72; Bowles v. Huff, 9 Cir., 146 F.2d 428; Delno v. Market St. Ry. Co., 9 Cir., 124 F.2d 965.

prehensive to meet the requirements of this particular case; hence, no injury could have resulted. Yet the Administrator, believing a longer period necessary, seems to have assumed that a motion for an extension addressed to the District Court would have been of no avail and, therefore, took this appeal. The expressed attitude of the District Court is to the contrary; it, in effect, said that upon a proper showing being made an extension would be granted.

Further applying the test laid down in Bowles v. Quon, supra, we are unable to say that the District Court's action constitutes " * * * a plain error, discretion exercised to an end not justified by the evidence, a judgment that is clearly against the logic and effect of the facts as are found."

No abuse of discretion appearing the judgment is affirmed.