FULLER v. BORKIN.
No. 9182.

Circuit Court of Appeals, Seventh Circuit.

Oct. 14, 1947.

Gene Posner and Armin I. Solomon, both of Milwaukee, Wis., for appellant.

Delbert E. Fowler and Arnold C. Otto, both of Milwaukee, Wis., for appellee.

Before MAJOR, KERNER, and MINTON, Circuit Judges.

KERNER, Circuit Judge.

Defendants are appealing from a judgment holding them liable in treble damages for overcharges in the sale of a used automobile, in violation of Office of Price Administration Maximum Price Regulation 540, 9 Fed. Reg. 12679, as amended, 10 Fed. Reg. 1383.

On June 6, 1945, plaintiff purchased a 1937 four-door Dodge sedan from the defendants for $490. The automobile in question was equipped with a Wisconsin vehicle license and a Federal Use Tax stamp. Plaintiff paid $375 in cash and received $115 credit on a 1934 Chevrolet coupe which he turned over to defendants. At the time of the sale the base price allowed under the regulation was $370 with $20 additional where the licenses and a heater were provided. 10 Fed.Reg. 1391. If the dealer warranted the used car as in good operating condition he was allowed a mark-up which in this case was $100. 10 Fed.Reg. 1384. Defendants then in selling the Dodge for $490 warranted it as in good operating condition. One of the conditions of the dealer's warranty was that he furnish it in writing and at the time of the sale to the vendee. 10 Fed. Reg. 1385. There is evidence that defendants failed to furnish the written warranty at the time of the sale though they did provide it seven days later when prodded by plaintiff's attorney. Moreover, there was testimony to the effect that the Dodge was not in good operating condition and that plaintiff had to have it repaired at his expense.

In the findings of fact, the District Court, among other things, found that (1) the Dodge in question was not in good operating condition and that under the regulation it could not be sold as a warranted car; (2) defendants did sell the Dodge as a warranted car, and failed to provide a written warranty at the time of the sale. In the light of the evidence supporting these findings, we must accept them as conclusive. Rule 52(a) of the Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723c.

The District Court further found that the Chevrolet turned in by the plaintiff to defendants as part payment on the Dodge for $115 credit was undervalued; that its fair value at that time was $192.-30. There is evidence to support this finding, because two days after acquiring the Chevrolet, defendants sold it for $225. To prepare it for re-sale defendants expended $32.70 in repairs. A price specialist for the Office of Price Administration testified that the most comparable Chevrolet had an unwarranted ceiling price of $295. The Federal Rules of Civil Procedure preclude any further examination of this point.

Defendants object to the assessment of treble damages and urge that there was neither wilful nor careless violation of the regulation. The District Court found against defendants on this issue and.

held that defendants failed to take practicable precautions against the occurrence of the violations. Under the authority of the Emergency Price Control Act of 1942, § 205(e), as amended, 50 U.S.C.A.Appendix, § 925(e), the burden of proof was upon the defendants to prove that the violations were not wilful. In view of the ample evidence in support of the violations, we cannot say that defendants took practicable precautions to prevent occurrence of the violations.

Affirmed.