**WOODS v. LOAB ESTATES, Inc.**

Civ. No. 47–570.

United States District Court,
S. D. New York.

Nov. 18, 1948.

Sylvan D. Freeman, of New York City (J. Saul Brounstein, of New York City, on the brief), for plaintiff.

House, Grossman, Vorhaus & Hemley, of New York City (Jesse Hemley, of New York City, of counsel), for defendant.

KAUFMAN, District Judge.

The Housing Expediter moves to restrain defendant from violating the Housing and Rent Act of 1947, as amended, Pub.Law 464, 80th Congress, 50 U.S.C.A. Appendix, § 1881 et seq., and specifically, to enjoin defendant, pendente lite, from collecting rents in excess of those established by maximum rent regulations and from withdrawing the services of heat and hot water from its housing accommodations at 521–523–527 East 150th Street, New York, N.Y.

The facts are not in dispute. The premises in question have no independent heating or hot water facilities. Heat and hot water have heretofore been supplied by steam obtained by the landlord from Bronx Refrigerating Company, a third party not involved in this action, under contract terminable at will.

On June 11 of this year, the Bronx Refrigerating Company notified the defendant that after December 1, 1948 it would no longer be able to furnish steam, since it planned to abandon its steam plant and operate in the future by means of power obtained from the Edison Company. Defendant, on June 30, informed its tenants that after the first of December it

would be forced to discontinue the services of heat and hot water.

Similar notices of discontinuance of steam were also given by the Bronx Refrigerating Company to seven other landlords, all of whom have since made arrangements for the installation of heating equipment in their buildings. Defendant, however, refuses to provide heat and hot water after December 1, 1948, claiming that it is under no obligation to furnish these services to the tenants because it desires to withdraw the premises from the rental market and demolish the buildings in order to provide additional access to its warehouse. It has already applied for certificates of eviction to the City Housing Rent Commission, but this application was denied on November 9, on the ground that no provision for relocation of the tenants had been made and that the local laws and regulations of the Commission do not authorize the issuance of certificates of eviction to enable landlords to withdraw housing accommodations from the rental market.

Defendant raises two objections to the injunction sought by the Expediter. It claims, first, that under the Constitution and under the Housing and Rent Act of 1947, as amended, 50 U.S.C.A.Appendix, § 1881 et seq., its right to withdraw the housing accommodations from the market is absolute, and second, that the statute and the regulations promulgated thereunder do not authorize the granting of the relief requested.

■ With regard to the defendant's first contention, there is no question but that the Housing Act accords to the landlord the right to withdraw his premises from the rental market, should he in good faith wish to do so, Section 209(a) (5); Section 302; Woods v. Durr, 3 Cir., 170 F.2d 976, and that it also allows him to recover possession of rented premises if his purpose is to demolish the housing accommodations involved. Section 209(a) (4) (B)). These provisions of the statute, however, refer to evictions by dispossess proceedings in the courts of the State and do not give to the owner of housing accommodations a blanket permission to do indirectly what the statute indicates must be done by orderly legal process. The Housing and Rent Act carefully seeks to regulate and control eviction. It requires that no tenant be obliged to surrender possession until he has had at least sixty days written notice from the landlord, Sec. 209(c), and it limits the right of owners to recover their rental accommodations to a few specifically enumerated situations. By Section 209(a), it indicates that all attempts to regain possession shall be pursued only by resort to recognized legal process. That section declares that except for certain purposes,

"No action or proceeding to recover possession of any controlled housing accommodations with respect to which a maximum rent is in effect under this title shall be maintainable by any landlord against any tenant in any court, notwithstanding the fact that the tenant has no lease or that his lease has expired, * * *."

■ Defendant has already endeavored to avail himself of the eviction remedies afforded him by the statute before the Temporary City Housing Rent Commission. There, his request for a certificate to evict has been denied. The correctness of that determination (cf. Matter of Wong v. Finkelstein, 193 Misc. 289, 84 N.Y.S.2d 631) is not in any way before this Court. Until the tenancies are terminated pursuant to proper orders of court, the tenants are entitled to remain in possession and the landlord is required to observe all the obligations imposed on him by the statute.

The only remaining question is whether the Housing and Rent Act of 1947, as amended, and the regulations issued thereunder, justify the present petition for relief. Section 206(b) grants specific authority to the Expediter to apply for an order enjoining any practice or act which will be a present or immediate violation of any provision of the Act. The Housing Expediter is also granted power to issue regulations and orders as he may deem necessary with regard to controlled housing accommodations. Section 204(d).

Housing accommodations are defined in the Act as follows:

"The term 'housing accommodations' means any building, structure, or part

thereof, or land appurtenant thereto, or any other real or personal property rented or offered for rent for living or dwelling purposes (including houses, apartments, rooming- or boarding-house accommodations, and other properties used for living or dwelling purposes) together with all privileges, services, furnishings, furniture, and facilities connected with the use or occupancy of such property." Housing and Rent Act of 1947, as amended, Section 202(b).

■ Defendant concedes that the Court has power to enjoin discontinuance of essential services where the services are under the control of the landlord and the cessation is wilful. It claims, however, that where the services are supplied from a source over which the landlord has no ownership or control, and are discontinued through no intent or fault on his part, the Act does not empower the Court to issue an injunction requiring, in effect, the installation of new heating equipment.

If the elimination of heat from the apartments involved be considered as an unlawful attempt at eviction (See Bowles v. Falcone, D.C., 63 F.Supp. 596), then the good intentions of the landlord are in no way exculpatory since the result constitutes a violation of the Act in any case.

■ Nor can it properly be said that a discontinuance of the services would be without fault on defendant's part. These accommodations have been registered as including hot water and central heating. The duty to supply these services is that of the landlord; he cannot relieve himself of that duty by contracting with someone else to perform it for him and he is not relieved of his responsibility merely because Bronx Refrigerating Company, through which he has heretofore had these services performed, refuses to continue them. Moreover, the fact that the supply of steam furnished by a third party might at any time be discontinued at will was at all times known to the landlord. It cannot therefore be concluded that, knowing these facts, defendant is absolved from all responsibility for failing to prepare for the contingency which has now arisen, especially in view of the fact that the "wording of the statute places the burden on the defendant to prove not only that the violation was not willful but also that it was not the result of failure to take practicable precautions against the occurrence of the violation." Bowles v. Krasno Bros. Glove & Mitten Co., D.C., 59 F.Supp. 581, 583.

■ If the withdrawal of hot water and heat be considered merely as a reduction in services for which the Expediter may order a decrease in rent, still the defendant has failed to comply with the statute and its regulations. Section 3 of the Controlled Housing Regulation for New York City Defense-Rental Area requires that the landlord provide the same minimum services he was required to supply on March 31, 1948. Section 5(b) (1) of the same Regulation provides that no landlord shall decrease services until he has filed a petition to decrease the services and an order permitting such a decrease has been entered thereon. These regulations were issued under the authority conferred on the Expediter by Section 204(d) of the Act and are clearly authorized by the statute in view of the fact that housing accommodations are defined by the Act as including the services and facilities connected with the occupancy of rental units. See Section 202(b) set out in full, supra. Defendant has made no application for a reduction in services to the Expediter and has not demonstrated any reason for not so doing except to claim that the Act does not confer upon the Expediter the power to determine whether a landlord may be compelled to furnish services under these circumstances. The administrative procedure set forth by regulations which require defendant to obtain an order from the Expediter authorizing a reduction in services is fully sanctioned by the Act and is in no way arbitrary or unreasonable. Until defendant pursues his administrative remedies, he is in violation of the Act and the plaintiff is entitled to the relief he seeks.

There is no claim that facilities for the furnishing of heat and hot water cannot be installed in these premises. There are at least twenty-eight families comprising over one hundred persons living in the accommodations involved, and because of the decision of the City Housing Rent Com-

772

mission denying the landlord's application for certificates of eviction, these persons will continue to live there for a considerable time. To live there without heating facilities would be dangerous to life and health. Under the circumstances, the landlord is required to maintain the services which it obligated itself to furnish when it became a landlord.

Plaintiff's motion is therefore granted.