. WOODS, Housing Expediter, v. LA-JEUNESSE.

Civil Action No. 618.

United States District Court
D. New Hampshire.
Jan. 21, 1949.

Clinton S. Osgood, Dist. Enforcement Officer, OPA, and Myer Green, Enforcement Atty., OPA., both of Concord, N. H., Wm. B. Sleigh, Jr., Regional Enforcement Executive, OTC, Roy Fitzmorris, Rent Enforcement Unit Chief, OTC, Roy M. Fitzmorris, Enforcement Division Chief, Regional Rent Office, Office of Rent Control, Robert J. Glennon, Rent Enforcement Atty. OHE, and Vincent L. Scanlon, Rent Litigation Atty., OHE, all of Boston, Mass., for plaintiff.

Albert J. Lemieux, of Manchester, N. H., for defendant.

CONNOR, District Judge.

This is an action filed October 16, 1946, by the Administrator of the Office of Price Administration, the complaint setting forth that it is brought under Sections 2, 4, 205(c), and 205(e) of the Emergency Price Control Act of 1942, as amended, 50 U.S. C.A.Appendix, §§ 902, 904, 925(c), and 925 (e), and by the Price Control Extension Act of 1946, Pub.Law 548, 79th Congress, Chapter 671, 2d Session, 50 U.S.C.A.Appendix, §§ 902, 904, 925(c, e). Under the authority of Rule 25(d) of the Federal Rules of Civil Procedure, 28 U.S.C.A., the present plaintiff was by leave of court substituted as party plaintiff. It is alleged that at all times material there was in force a regulation, viz., Rent Regulation for Housing, 8 F.R. 7322, as amended, which prescribed maximum rents for the use and occupancy of housing accommodations in the Portsmouth Defense-Rental Area.

The named defendant, now deceased, was the owner and operator of housing accommodations situated in Salem Depot, in the aforesaid rental area, and rented same to one Helen D. Legender for her use and occupancy.

The plaintiff alleges that on or about August 29, 1946, the rent director for said defense-rental area, pursuant to statutory authority, issued an order, effective as of October 1, 1943, decreasing the maximum rent for said housing accommodations, and that a copy of said order was mailed to the landlord at the time of its issuance. It is further alleged in the complaint that the sum of $222 was collected from the tenant in excess of the legal maximum rent described in said order of the director above set forth. The right of action by the Administrator is claimed under Section 205(e) of the Act, the tenant overcharged not having instituted an action within thirty days of the violation. The plaintiff prays for (1) judgment in a sum representing three times the overcharges and costs, (2) that the defendant be ordered to make restitution to the tenant for the amount of the overcharges, and (3) judgment for twice the amount of the overcharges if restitution be ordered. Judgment by default was obtained by the plaintiff under date of June 23, 1947. It was later brought to the attention of the court that the defendant had died four days before judgment had been entered, and thereupon the order was vacated.

The case comes on for hearing on the plaintiff's motion for an order of substitution for party defendant under Rule 25(a) of the Rules. By said motion, the movant asks that the court order the substitution of Rosilda Lajeunesse, Administratrix of the Estate of Archie Lajeunesse, as party defendant in place and stead of said Archie Lajeunesse. The plaintiff concedes that the claim for treble damages sought under paragraph (1) of his prayer, being one for a penalty, does not survive, and recovery therefor is waived.

The sole question presented is whether the action is such that substitution of the administratrix should be ordered. If the action is one which survives the death of the defendant, the motion should be granted; if there is no survival, the motion must be denied.

The traditional equity power of the court is invoked in the prayer for an order of restitution, a form of relief peculiar to courts of equity. Supplementing this familiar principle is the statutory relief afforded under Section 205(a) upon a showing of threatened or actual violations of the Act.

Section 205(a). "Whenever in the judgment of the Administrator any person has

engaged or is about to engage in any acts or practices which constitute or will constitute a violation of any provision of Section 4 of this Act, he may make application to the appropriate court for an order enjoining such acts or practices, or for an order enforcing compliance with such provision, and upon a showing by the Administrator that such person has engaged or is about to engage in any such acts or practices a permanent or temporary injunction, restraining order, or other order shall be granted without bond."

The prayer for order of restitution evidences the invocation of the equity power of the court, in the exercise of discretion and under the proviso "other order," to decree mandatory injunction or other affirmative relief. The term, obscure in text, received full judicial interpretation in Hecht Co. v. Bowles, 321 U.S. 321, 329, 64 S.Ct. 587, 88 L.Ed. 754; Porter v. Warner Holding Co., 328 U.S. 395, 66 S.Ct. 1086, 1089, 90 L.Ed. 1332. Both cases are authority to the effect that once the equity jurisdiction of the court has been invoked under Section 205(a), all appropriate remedies of an equitable nature may be enlisted to accomplish complete justice. "* * * the term 'other order' contemplates a remedy other than that of an injunction or restraining order, a remedy entered in the exercise of the District Court's equitable discretion." Porter v. Warner Holding Co., supra.

Under such power, made even broader because of the public interest involved, the court may decree the return of rents acquired in violation of the Act. And an order of restitution may be granted with or without a prohibitory injunction. Creedon v. Randolph, 5 Cir., 165 F.2d 918, 920. "An order of restitution is not a judgment for damages or for penalties. It compels compliance and is restoration of the status quo which falls within the recognized power of a court of equity." Bowles v. Skaggs, 6 Cir., 151 F.2d 817, 821.

There is no specific provision within the Act which provides for the survival, upon the decease of the defendant, of a cause of action created thereunder, and whether it does survive must be determined by common law principles. 1 C.J.S., Abatement and Revival, § 135, page 183. This is an equitable cause of action, and actions within the jurisdiction of equity survive and equitable remedies exist to the same extent against executors and administrators as they did against the decedent. Sullivan v. Associated Billposters & Distributors, 2 Cir., 6 F.2d 1000, 1003, 42 A.L.R. 503; Griswold v. Hilton, C.C., 87 F. 256.

The motion is granted and an order of substitution will be entered.