## WOODS v. CONTESTABILE.
### Civ. A. No. 7383.

United States District Court
E. D. Pennsylvania.

Feb. 1, 1949.

Albert C. Osofsky, Office of the Housing Expediter, of Philadelphia, Pa., for plaintiff.

A. Allan Goodman, of Philadelphia, Pa., for defendant.

McGRANERY, District Judge.

This is a motion for summary judgment on a complaint brought by the Housing Expediter under the Price Control Act of 1942, as amended, 50 U.S.C.A. Appendix, § 901 et seq. After examining the pleadings and the evidence before the Court, and after interrogating counsel at the hearing before the Court, the following material facts appear to me to be without substantial controversy:

1. Defendant was the landlord of housing accommodations designated as third floor apartment, 5039 Hazel Avenue, Phila-

delphia, Pennsylvania, during the period from August 17, 1945, to June 30, 1946, and July 26, 1946, to May 4, 1947.

2. During the period from April 4, 1946, to June 30, 1946, and from July 26, 1946, to May 4, 1947, defendant received $50.00 per month from Mr. and Mrs. Samuel J. Cathers, tenants at the above address.

3. By the terms of an Order of the Rent Director for the Philadelphia Defense Rental Area pertaining to these accommodations, the maximum rent was decreased from $50.00 per month to $40.00 effective beginning with the next regular rent payment period. There has been no Order changing this maximum rent since. Accordingly, an order will be entered specifying the facts set out above, and at the trial of the action the facts so specified shall be deemed established.

## Discussion

Defendant has raised a welter of objections to the motion for summary judgment. To prevent confusion at the trial of the case, it might be well to point out those I deem immaterial, and those I deem weighty enough to prevent entry of summary judgment. Defendant raises the following defenses: the tenants had the use, in addition to the third floor apartment, of a storage closet, attic and yard, which had a rental value of at least $10.00 a month; the Order of the Rent Director was not properly issued nor was defendant given an opportunity to show why it should not be issued; summary judgment should not be entered on a penalty; strict proof of the date and genuineness of the Rent Director's Order is demanded; defendant has two counterclaims against the tenants, one for returning the apartment in poor condition, and the other for fraudulently stating that a child was not expected when they moved in.

The objection that the tenants actually had the use of extra accommodations cannot be raised in this proceeding. Only an allegation that defendant had taken the proper administrative steps to obtain an increase in rent for increase in services and had succeeded would present a material issue on the question of liability in this action. See Creedon v. Evangelista, D. C., 77 F.Supp. 538, 539; Gilbert v. Thierry, D. C., 58 F.Supp. 235, 239, affirmed 1 Cir., 147 F.2d 603. Similarly, defendant cannot contest the validity of the Rent Director's Order in this Court. The course still open to her has been indicated in Woods v. Hills, 334 U.S. 210, 217, 68 S.Ct. 992. It is true that the government may seek to apply the doctrine of laches if she takes the proper administrative steps. But if it is true, as defendant's Answer contends, that she never knew of the Order, she need have no worry about that. Therefore, at the trial of the case, neither of these two objections will be material.

Defendant's remaining objections do not require extended comment. In view of the record of delays in this case, there is some doubt in my mind whether all of them are advanced in good faith, particularly the demand that the date and genuineness of the Order be proved at trial. Were the latter the only issue in the case, I feel that the supporting affidavit of Joseph E. Turchi, present Area Rent Director, would allow entry of summary judgment upon this record. Cf. Factors Affecting the Grant or Denial of Summary Judgment, 48 Col.L.Rev. 780. However, a hearing is necessary: either on the issue of triple damages or the issue of counterclaims to restitution. As to the first, defendant should have an opportunity to prove that her alleged violations were neither willful nor the result of failure to take practicable precautions. As to the second, the possibility of counterclaims will only become relevant if the government seeks restitution to the tenants named in the Complaint. If the government chooses, as its brief indicates it might, to seek only the relief of triple damages under section 205(e) of the Act, the counterclaims will not be relevant at the subsequent hearing. In any event, since there must be a hearing, the issue of the date and genuineness of the Order can be tried then, without causing any additional delay. Furthermore, under Federal Rules of Civil Procedure, Rule 56(d), 28 U.S.C.A., the Court is given power to direct "such further proceedings in the action as

are just." If the hearing is expedited under this provision, the ill effects of possible dilatory tactics will be minimized. Accordingly, therefore, an order will be entered setting this case down for trial as expeditiously as possible.