## WOODS v. MERTES.
### Civ. No. 1040.

United States District Court
D. Delaware.
July 21, 1949.

Nathan P. Michlin, Resident Attorney, Office of the Housing Expediter, Wilmington, Del., Cyril F. Pessolano, Chief, Rent Litigation Section, and Harold L. Werthheimer, Litigation Attorney, Office of the Housing Expediter, Upper Darby, Pa., for plaintiff.

Stewart Lynch and Florence E. Freeman, Wilmington, Del., for defendant.

RODNEY, District Judge.

This is a rent overcharge case in which the plaintiff has moved under Rule 56, Federal Rules of Civil Procedure, 28 U.S.C.A., for summary judgment upon the complaint, the answer, as amended, and defendant's answers to plaintiff's requests for admissions [1] and his answers to plaintiff's interrogatories.[2] The motion is supported and opposed by affidavits.

There clearly is no genuine issue as to any material fact with respect to whether or not there was an overcharge of rent by defendant as landlord of certain housing accommodations located within the Delaware Defense Rental Area. Defendant admits the alleged overcharge in the total amount of $108.50 for the period August 1, 1946 to February 28, 1947, inclusive.

Defendant, however, argues that there is a genuine issue of fact as to whether or not the violation in the form of the rent overcharges was either wilful or the result of his failure to take practicable precautions. For this reason defendant urges that the motion for summary judgment must be denied.

---

[1] Rule 36, Federal Rules of Civil Procedure, 28 U.S.C.A.

[2] Rule 33, Federal Rules of Civil Procedure, 28 U.S.C.A.

Assuming the correctness of defendant's contention in connection with the issue of wilfulness or failure to take practicable precautions, still the court may and, indeed, must, enter an order under Rule 56(d) settling the uncontroverted issues and specifying the controverted issues remaining for trial. While such an order has often been termed a "partial summary judgment," such designation has lately been criticized as a misnomer. Coffman v. Federal Laboratories, 3 Cir., 1948, 171 F.2d 94, 98; see also Biggins v. Oltmer Iron Works, 7 Cir., 1946, 154 F.2d 214, 217; Commentary, 6 Fed. Rules Serv. pp. 782-784. An order under Rule 56(d) is actually in the nature of a pre-trial order under Rule 16, except that under Rule 56(d) it is compulsory, while under Rule 16 it is discretionary with the court. An order under Rule 56(d) narrows the issues, enables the parties to recognize more fully their rights and yet permits the court to retain full power to make one complete adjudication on all aspects of the case when the proper time arrives. 3 Moore's Federal Practice (1st Ed.) p. 3175; Audi-Vision, Inc. v. R. C. A. Mfg. Co., Inc., 2 Cir., 1943, 136 F.2d 621, 625, 147 A.L.R. 574; Coffman v. Federal Laboratories, supra.[3]

Certain facts clearly appear to be undisputed and seem to be properly the subject of an order under Rule 56(d).

The defendant was at all pertinent times the landlord of housing accommodations located within the Delaware Defense Rental Area and designated as Second Floor Apartment at 1517 North Franklin Street, Wilmington, Delaware. From August 1, 1946 to February 28, 1947 these housing accommodations were occupied by Elva M. Shaw as a tenant of the defendant.

There was in full force and effect at all pertinent times herein the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A. War Appendix § 901 et seq., and the Rent Regulation for Housing, 10 F.R. 1352, issued pursuant thereto, which provided, inter alia, that "housing accommodations" include all "services" connected with the use or occupancy of such accommodations; and that "services" include "repairs, decorating and maintenance."

Under the applicable Rent Regulation for Housing, the maximum legal rent for the said housing accommodations was the rent received for such accommodations on the maximum rent date for this area, namely, on March 1, 1942. The rent received on that date by the landlord for these accommodations was $59.50 per month.

A Registration Statement for the said housing accommodations was filed with the Rent Control Authorities showing the maximum legal rent therefor to be $59.50 per month.

On May 7, 1946 the defendant petitioned the Area Rent Director for the Delaware Defense Rental Area for an increase of the maximum legal rent for the housing accommodations here involved from $59.50 per month to $75 per month. One of the reasons specified in justification of an increase was a need to expend a large sum of money in repair and redecoration of the accommodations.

On July 26, 1946 the defendant's petition for an increase in rent as aforesaid was denied by the Area Rent Director.

Prior to August 1, 1946 there was some discussion between Elva M. Shaw and defendant relative to redecorating or repairing a portion or all of the housing accommodations here involved.

Redecorating was done in the said housing accommodations at a total cost of $264. This work was commenced around August or September, 1946, and was completed in November, 1946.

Between August 1, 1946 and February 28, 1947, a period of seven months, the defendant received from Elva M. Shaw the sum of $15.50 per month over and above the sum of $59.50 per month, or a total of $75 per month.

The total amount so received by the defendant for the seven months over and above the $59.50 per month was $108.50.

[3] The order under Rule 56(d) is not a final judgment from which an appeal will lie. Tye v. Hertz Drivurself Stations, Inc., 3 Cir., 1949, 173 F.2d 317, 319.

On November 15, 1946 Elva M. Shaw wrote to defendant and assured him that she was paying $59.50 per month as rent for the said housing accommodations plus $15.50 per month towards the "repairs" which were made.

No action to recover the overcharges was instituted by Elva M. Shaw within 30 days from the occurrence of the overcharges, and no such action has ever been instituted by Elva M. Shaw.

The defendant admits that the foregoing undisputed facts constitute a technical violation on his part of the Emergency Price Control Act of 1942, as amended, and agrees that he should make restitution to the tenant Elva M. Shaw in the amount of the overcharges, i e., in the amount of $108.50.

■ The foregoing facts are undisputed on the present record and should be included in an order under Rule 56(d), which provides, inter alia, that the court shall "make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just."

Certain material facts appear to be actually and in good faith controverted, and further proceedings will be necessary to determine them.

The question which still appears to be disputed and upon which the facts now before the court are not complete is that of the defendant's wilfulness or his failure to take practicable precautions. A final hearing on this question will be necessary.

The applicable law provides that damages "shall be the amount of the overcharge or overcharges if the defendant proves that the violation * * * was neither willful nor the result of failure to take practicable precautions * * *." 50 U.S.C.A.Appendix § 925(e), as amended, 1949 Supp.Pamphlet, 50 U.S. C.A.Appendix § 925(e).

■ In questions such as here involved it is, of course, necessary that a violation of the Rent laws and regulations be established. Only then does the question of wilfulness or failure to take practicable precautions enter the case. Bowles v. Hansen Pkg. Co., D.C.Mont., 1946, 64 F.Supp. 131, 134. In the instant case it has been conceded at oral argument and in the briefs of the defendant that defendant did violate the appropriate Rent regulations and laws. It will, therefore, in subsequent proceedings only become necessary to consider the question of wilfulness or failure to take practicable precautions.

■ It is the burden of the defendant to prove a lack of wilfulness or the taking of practicable precautions on his part in order to limit the amount of the recovery to the amount of the actual overcharge. McRae v. Creedon, 10 Cir., 1947, 162 F.2d 989, 992; Bowles v. Hasting, 5 Cir., 1944, 146 F.2d 94, 95; see also Fuller v. Borkin, 7 Cir., 1947, 163 F. 2d 887, 889; Woods v. Loab Estates, S. D.N.Y., 1948, 81 F.Supp. 768, 769, 771.

Defendant urges that he should not be forced to put in his complete affirmative case for the mitigation of damages in a summary manner upon this motion by plaintiff for summary judgment. See Woods v. Contestabile, D.C.E.D.Pa., 1949, 81 F.Supp. 737, 738.

■ Rule 56 clearly contemplates a full hearing on the question of damages. See Rule 56(c); McRae v. Creedon, 10 Cir., 1947, 162 F.2d 989, 992. If the court determines that defendant's violation was wilful, it need not necessarily grant treble damages, but it may grant damages in any amount not more than three times the overcharges. The amount of the damages for a wilful violation under the Emergency Price Control Act of 1942 is a matter within the court's discretion. Bowles v. Krodel, 7 Cir., 1945, 149 F.2d 398, 400; Shearer v. Porter, 8 Cir., 1946, 155 F.2d 77, 81.[4]

[4] The lower limit of the court's discretion is the amount of the overcharge itself, of course. Bowles v. Heinel Motors, D.C., E.D.Pa., 1944, 59 F.Supp. 759, 762, affirmed 3 Cir., 149 F.2d 815, certiorari denied, 326 U.S. 760, 66 S.Ct. 141, 90 L.Ed. 457.

There allegedly are facts relevant to the question of wilfulness which are not now before the court. Some of the facts which are pertinent to the question and are before the court do not seem to be in complete harmony. In view of this it seems preferable to grant a full hearing on the question of wilfulness or the failure to take practicable precautions. Such procedure would seem to be in the interest of justice, especially since the amount of damages will be in the court's discretion if wilfulness is found.[5]

An order may be submitted in accordance with the foregoing.

---

[5] Injunctive relief is also sought. Whether or not an injunction will be granted in this type of case is also within the court's discretion and may depend upon the culpability of the defendant as shown by all the evidence. See

Porter v. Lux, 9 Cir., 1946, 157 F.2d 756, 757; Bowles v. Biberman Bros., 3 Cir., 1945, 152 F.2d 700, 703; Woods v. Kooker, D.C., W.D.Ark., 1949, 83 F. Supp. 362, 364; Woods v. Lajeunesse, D. C.N.H., 1949, 82 F.Supp. 445, 447.