**WOODS, Housing Expediter, v. MERTES.**
Civ. A. No. 1040.

United States District Court
D. Delaware.
Dec. 1, 1949.

Nathan P. Michlin, Resident Attorney, Office of the Housing Expediter, Wilmington, Del., Cyril P. Pessolano, Chief, Rent Litigation Section, and Harold L. Wertheimer, Litigation Attorney, Office of the Housing Expediter, Philadelphia, Pa., for plaintiff.

Stewart Lynch and Florence E. Freeman, Wilmington, Del., for defendant.

RODNEY, District Judge.

In this case on August 30, 1949 certain facts were found to be uncontroverted by the court and the question of the defendant's wilfulness or failure to take prac-

ticable precautions was reserved until final hearing.[1] Testimony on this latter question has now been had. The defendant has conceded that he should make restitution to the tenant, Elva M. Shaw, in the amount of the overcharge, i.e., in the amount of $108.50.

■ From the testimony I find as a fact that there is evidence of wilfulness in making the overcharge or in failure to adopt reasonable precautions to prevent the overcharge which has not been sufficiently negatived by the defendant.

The conclusion of law is that the defendant is liable in addition to the amount of the overcharge to pay such an amount not more than three times the amount of the overcharge as this court in its discretion may determine.

■ Comment: This court having found that the defense of lack of wilfulness has not been fully established views such wilfulness as not of an extreme character and establishes the amount of recovery at $200, being the amount of overcharge of $108.50 and the sum of $91.50 as an amount of additional recovery allowable under the Act.

The Emergency Price Control Act of 1942, as amended,[2] was in full force and effect during the period when the violations in this case occurred, i.e., from August 1, 1946 through February 28, 1947. Under that Act as it existed during such period, the damages to be granted for a rent overcharge were "whichever of the following sums is the greater: (1) Such amount not more than three times the amount of the overcharge, or the overcharges, upon which the action is based as the court in its discretion may determine, or (2) an amount not less than $25 nor more than $50, as the court in its discretion may determine: *Provided, however,* That such amount shall be the amount of the overcharge or overcharges or $25, whichever is greater, if the defendant proves that the violation * *

was neither wilfull nor the result of failure to take practicable precautions * * *."[3]

In this case the defendant has not proved that the violations were neither wilful nor the result of failure to take practicable precautions, and consequently the court may grant, in its discretion, not more than three times the amount of the overcharges.

An order may be submitted directing the defendant to pay the sum of $200, of which $108.50 will be directed to be paid to Elva M. Shaw as restitution, and further directing the defendant to pay the costs of this suit.

---

1. See Woods v. Mertes, D.C., 9 F.R.D. 318.

2. 56 Stat. 23 et seq., 50 U.S.C.A. War, Appendix, § 901 et seq., as amended by the Price Control Extension Act of

July 25, 1946, 60 Stat. 664, 676, 50 U.S. C.A.War, Appendix, §§ 901, 925(e).

