**E. I. DU PONT DE NEMOURS & COM-PANY, a corporation, Plaintiff,**

v.

**UNITED STATES CAMO CORPORA-TION, a corporation, G. F. Drigalla, and Wilma Drigalla, Defendants.**

**Civ. No. 10127.**

United States District Court
W. D. Missouri, W. D.

Nov. 5, 1956.

Kemp, Koontz, Clagett & Norquist, Kansas City, for plaintiff.

Gage, Hillix, Moore & Park, John H. Kreamer, Kansas City, for defendant.

**R. JASPER SMITH, District Judge.**

Defendants move for leave to file a joint and several amended answer and counterclaim to plaintiff's complaint. Plaintiff objects to the amendment, charging that it contravenes this Court's order of April 20, 1956, and that defendants failed to exercise due diligence in seeking to amend.

A Court must exercise its sound discretion in granting or refusing leave to amend when confronted with the question of the timeliness of amendment. The Rules prescribe no limitations of time for amendments by leave of court. Nevertheless the party seeking to amend should exercise due diligence, and unless delay can be attributed to excusable oversight leave to amend perhaps should be denied. Generally, leave is granted freely under Rule 15(a), Fed.Rules Civ.Proc. 28 U.S.C.A., at any stage of the case where justice requires and the adverse party will not be prejudiced, particularly when the amendment is directed to clarification of the issues and dispatch of litigation. In determining timeliness of an amendment and laches of the moving party, the Court depends entirely upon the particular facts and circumstances of each case.

I have examined defendants' affidavits setting forth the reasons for their delay in seeking leave to amend.

I think the reasons given constitute excusable delay. They have diligently investigated and prepared their case, discovered the existence of alleged defenses they deem valid, and delayed presenting them only until after they made a final attempt to settle the pending litigation. Apparently they acted in good faith. Plaintiff suggests no injustice or prejudice to which it will be subjected if the amendment is allowed. I fail to see how any prejudice or injustice can result by allowing the amendment.

Plaintiff urges that the amendment contravenes Judge Whittaker's order dated April 20, 1956. On April 10, 1956, plaintiff moved for a "summary judgment, interlocutory in character," under Rule 56. Plaintiff in its original motion directed attention to "the discussion of Rule 56 in Moore's Federal Practice, Sections 56.20(3) (Vol. 6 beginning at p. 2299) and 56.21(1) (beginning at p. 2314), (which) clearly delineates the authority and duty of the Court to enter a summary judgment, interlocutory in character, of the type that plaintiff seeks." The discussion cited by plaintiff deals specifically with paragraph (d) of Rule 56. Rule 56(d) provides:

"If on motion under this rule judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. Upon the trial of the action

the facts so specified shall be deemed established, and the trial shall be conducted accordingly."

Judge Whittaker, issuing the order of April 20, 1956, ascertained that certain material facts existed without controversy. Reading the order as one issued under Rule 56(d), I cannot give it the dignity and effect of a summary judgment in favor of plaintiff on the issues of the validity of, and defendants' liability on, the promissory note in question. It is noted that defendants in their original counterclaim, filed February 10, 1956, raised the defense of failure of consideration (paragraph 2); and, while the position of this defense in the counterclaim, rather than in the answer, leaves something to be desired in the interest of orderly and logical pleading, I must treat it as sufficiently raised against the validity of the note. Judge Whittaker concluded his order of April 20, 1956, by declaring that "all other issues in the case, framed by defendants' counterclaim (or plea of recoupment or set-off) and by plaintiff's reply thereto, are left entirely open and for trial." Of course he was aware of the defense raised by defendants in their counterclaim. Furthermore, the order does not state expressly that he found, as a matter of fact, that the note was valid or that defendants were liable on it. I do not believe that it was his intention to determine the validity of, and the defendants' liability on, the note as constituting facts existing without substantial controversy.

Be this as it may, since plaintiff persistently urges that the order of April 20, 1956, established the validity of the note and defendants' liability thereon, and is in contravention of defendants' proposed amendment, in the interest of justice, I shall modify the order to eliminate any doubt in the minds of the parties, or any ambiguity in the provisions of the order itself.

When a Court enters a partial, interlocutory summary adjudication, pursuant to Rule 56(d), it does not render a final judgment which is appealable, but only an order as to uncontroverted facts, which, being interlocutory, is subject to revision or modification. Coffman v. Federal Laboratories, Inc., 3 Cir., 171 F.2d 94, 98, certiorari denied 336 U.S. 913, 69 S.Ct. 603, 93 L.Ed. 1076. The partial, interlocutory summary adjudication is merely a pretrial determination that certain issues are considered established for the trial of the case, and is similar to the preliminary order under Rule 16. Its purpose, like that of the pre-trial order, is to expedite litigation. See Moore's Federal Practice, Vol. 6, Section 56.20(3), Part 4. Judge Goodrich, in the Coffman case, supra, said:

"Subsection (d) [of Rule 56] simply provides for a method whereby the trial judge with the aid of counsel can point up the controverted issues. It is, moreover, similar to the pretrial procedure provided for in Rule 16 and the matters determined in the issues so framed are not foreclosed in the sense that the judge cannot alter his conclusions. The action of interpreting the orders, therefore, did not become final for the purposes of appeal and it did not have the effect of a final judgment. The court retained full power 'to make one complete adjudication on all aspects of the case when the proper time arrive(d).' That time was when the judgment in the whole proceeding was entered. Therefore, even if we accept the plaintiff's contention as to what was determined by the motion, the court was still free to alter its view as to interpretation of the orders at a later stage of the proceedings."

For the foregoing reasons, leave is given defendants to file their joint and several amended answer and counterclaim to plaintiff's complaint; and to whatever extent the order of April 20,

1956, contravenes and is inconsistent with the defendants' amended answer and counterclaim, upon the issue of the validity of the note and the defendants' liability thereon, the order is modified. It is so ordered.