**C. W. CULPEPPER, d/b/a C. W. Culpepper & Associates, Appellee,**

v.

**D. H. LLOYD, a/k/a Daniel H. Lloyd, Appellant.**

**No. 50095.**

Supreme Court of Oklahoma.

June 20, 1978.

Rehearing Denied Sept. 18, 1978.

Rinehart, Rinehart & Rinehart by R. Dean Rinehart, El Reno, for appellee.

Hampton, Zamrzla, Sopher & Graves, Richard D. Hampton, Oklahoma City, for appellant.

LAVENDER, Vice Chief Justice:

C. W. Culpepper, d/b/a C. W. Culpepper & Associates (Culpepper), appellee, sought to recover the purchase price of certain pipe from the alleged purchaser, D. H. Lloyd, a/k/a Daniel H. Lloyd (Lloyd), appellant. Trial court granted partial summary judgment to Culpepper in the amount of a check, being some $93,000, given as payment or partial payment of the pipe, and on which payment had been stopped. Lloyd appealed.

In its opinion, the Court of Appeals correctly identified the material issues as (1) the full amount of the pipe's agreed purchase price, and (2) whether Lloyd was liable to pay for the pipe. The first issue resulted in only a partial summary judgment. The fact issue as to the total amount of the purchase price remains to be resolved in the trial court, and is not before us in this appeal.

The second issue, as to the personal liability of Lloyd for the purchase price, was determined by the Court of Appeals through application of 12A O.S.1971, § 3–401 et seq.[1] We hold that to be incorrect

1. Suggest the principal section involved to be § 3–403(2)(b) providing:

"(2) An authorized representative who signs his own name to an instrument

under the circumstances of this case. That portion of Article 3 of the Uniform Commercial Code is concerned with the liability of parties on commercial paper.

Here, suit was on the contract of purchase of the pipe. Culpepper did not sue on the check. Recovery sought was for the total purchase price alleged and not for the lesser face amount of the check. On appeal, the Culpepper brief argues a contract of purchase for the pipe between Culpepper and Lloyd. No contention is made of Lloyd's liability on the check under the Uniform Commercial Code. In the answer to the petition for certiorari, Culpepper believes the portion of the Court of Appeals opinion relying on the Uniform Commercial Code to be only dicta. We cannot agree. The opinion found it unnecessary and not material to determine if the pipe was bought by Lloyd individually or by Lloyd in his official capacity as president for W & L Steel.

The principal thrust of the motion for partial summary judgment was that there was no fact controversy as to the pipe being purchased by Lloyd for himself. That position is bottomed on Culpepper's affidavit of Lloyd's representation the purchase was for Lloyd personally throughout the transaction. A portion of Lloyd's deposition in another case is likewise used in which Lloyd indicates he purchased, received, and then sold the pipe. Lloyd filed no material in opposition to the motion, as allowed by Rule 13, District Courts,[2] until August 10, 1976. That was the day after the trial court sustained the motion for partial summary judgment per his letter. The material then filed was in support of Lloyd's motion to reconsider. This reconsideration motion was overruled by the trial court.

 In examining the granting of a partial summary judgment in this case, we do not consider the attached material to the motion to reconsider. That material was not before the trial court on August 9, the date of granting partial summary judgment. Ruling on motion for summary judgment is to be made on the record which parties have actually presented and not on a record which is potentially possible. *Weeks v. Wedgewood Village, Inc.,* Okl., 554 P.2d 780 (1976). We find no authority or court rule that requires the trial court to reconsider. The material in support of the partial summary judgment was last filed in the trial court approximately a month prior to granting the summary judgment. The material in opposition attached to the reconsideration motion was as readily available to Lloyd before the trial court's ruling as on the day after.

 Lloyd's amended answer denies his indebtedness to Culpepper. Though one cannot rely on his own pleadings in opposition to affidavits supporting a motion for summary judgment,[3] Culpepper's own petition prevents a finding of no substantial controversy as to whether the purchaser of the pipe was Lloyd individually or W & L Steel Company. In alleging non-payment of the purchase price, it is Culpepper who pleads and attaches a check involved in transaction. That check is drawn on the steel company's account. The summary judgment issue was not who is legally liable under the Uniform Commercial Code on that instrument. The summary judgment issue was who purchased the pipe, Lloyd or W & L Steel Company. On appellate review, all inferences and conclusions to be drawn from the underlying facts contained in the record should be viewed in the light most favorable to the party opposing the motion. *Jones v. General Motors Accept-*

---

"(a) * * *

"(b) except as otherwise established between the immediate parties, *is personally obligated if the instrument names the person represented but does not show that the representative signed in a representative capacity,* or if the instrument does not name the person represented but does show that the representative signed in a representative capacity.

* * *." (Emphasis added.)

**2.** 12 Okl.St.Ann. Ch. 2—App.Rule 13.

**3.** *Weeks v. Wedgewood Village, Inc., supra,* 784.

*ance Corp.,* Okl., 565 P.2d 9, 11 (1977).[4] Viewing the check most favorably in opposition to granting partial summary judgment, we cannot find there is no substantial controversy as to who was the purchaser of the pipe in the contract of sale. With a material fact in controversy, the partial summary judgment cannot be sustained under Rule 13.

DECISION OF COURT OF APPEALS VACATED; TRIAL COURT REVERSED AND CAUSE REMANDED.

DAVISON, WILLIAMS, IRWIN, BERRY, BARNES, SIMMS and DOOLIN, JJ., concur.

---

4. P. 11, opinion states, in part:

"The case is before the Court on the sustention of the separate motions of appellees for summary judgment. On appellate review, all inferences and conclusions to be drawn from the underlying facts contained in the record should be viewed in the light most favorable to the party opposing the motion. *Northrip v. Montgomery Ward & Co.,* Okl., 529 P.2d 489 (1974)."