Mary P. REAMS, Plaintiff-Appellee,

v.

TULSA CABLE TELEVISION, INC., an
Oklahoma corporation,
Defendant-Appellant,

and

Stephen M. Fike, Defendant-Appellee.

No. 51703.

Supreme Court of Oklahoma.

Dec. 18, 1979.

Ernest B. Day, Jr., Tulsa, for plaintiff-appellee.

Sanders, McElroy & Carpenter by Philip J. McGowan, Tulsa, for defendant-appellant.

OPALA, Justice:

The narrow first-impression issue presented is whether an appeal may be prosecuted from what is known, in lawyer's parlance, as a "partial summary judgment". The disposition in question, rendered under Rule 13, Rules for the District Courts of Oklahoma, 12 O.S.1971, Ch. 2, App., determines one, but not all, issues raised by plaintiff's petition alleging a single cause of action in negligent tort. We hold the decision sought to be reviewed [a] is an interlocutory order unappealable by right and uncertified for review in advance of judgment and [b] lacks res judicata effect because it may be modified by the trial court at any time before entry of a final judgment in the case.

The plaintiff below [Reams] brought suit to recover damages for injuries suffered as a result of an automobile collision with defendant-driver who was alleged to be an employee of the other defendant, Tulsa Ca-ble Television [Employer], the appellant here. Upon the latter liability was sought to be imposed based on the doctrine of respondeat superior. Both the plaintiff and the employer moved for "summary judgment" on the agency issue. The trial court granted plaintiff's motion for summary judgment and Employer appealed. After this court twice refused to dismiss the appeal as premature, the case was regularly assigned to the Court of Appeals for disposition on the merits. Employer seeks certiorari to review an adverse decision of the Court of Appeals.

A "partial summary judgment" is explicitly authorized by Rule 13.[1] In its relevant part, this rule contemplates that when no material dispute is found to exist as to some fact or issue in the case, a trial could be confined to matters that remain in controversy.[2] The so-called "partial summary judgment" does not fit our statutory definition of "judgment". Judgment is the final determination of the rights of the parties in an action. 12 O.S.1971 § 681. It must dispose of all issues in the case. There can be no judgment when the court disposes of but a portion of a single cause of action. Nor can "partial summary judgment" meet our definition of a "final order". 12 O.S. 1971 § 953. A summary adjudication of less than all the issues in a cause is beyond the reach of review unless it falls into a class of interlocutory orders that are appealable by right, 12 O.S.1971 §§ 952(b)2 and 993; Part II(a) and Part II(c), Rules on Perfecting a Civil Appeal, 12 O.S.1971, Ch. 15, App. 2, or is certified for an appeal in advance of final judgment.[3] The "partial summary judgment" before us is neither appealable by right under §§ 952(b)3 and 993, nor is it certified for immediate review by the trial judge. The appeal is hence impermissible and subject to dismissal as prematurely brought.

1. In pertinent part, Rule 13, Rules for the District Courts. 12 O.S.1971, Ch. 2, App. provides:

   " * * * If the court finds that there is no substantial controversy as to certain facts or issues, it shall make an order specifying the facts or issues which are not in controversy and direct that the action proceed for a determination of the facts or issues."

2. *Pettit v. Vogt*, Okl., 495 P.2d 395, 397 [1972].

3. 12 O.S.1971 § 952(b); Part II(b), Rules on Perfecting a Civil Appeal, 12 O.S.1971, Ch. 15, App. 2.

■ Our Rule 13 is patterned after the federal procedure.[4] Its adaptation for use in summary disposition of less than the whole·claim is similar in effect and purpose to Rule 56(d) Fed.R.Civ.P.[5] With surprising unanimity federal courts and commentators view a "partial summary judgment" under Rule 56(d) as merely a pretrial adjudication with no binding res judicata effect.[6] In reality a summary adjudication of less than the entire cause is no more than a judicial pretrial designation of those issues which are to be treated as resolved. Thus, such an action is to be viewed as closely related to a preliminary order under Rule 16, Fed. R.Civ.P.[7] It serves the purpose of speeding up litigation by elimination, in advance of trial, of matters not in controversy and by confining trial to disputed issues.[8] The "partial summary judgment" is designed to salvage all benefits possible when summary judgment cannot be granted *in toto*.[9]

· The phrase "partial summary judgment" under Rule 56(d) has created some confusion primarily because it embraces the term "judgment". Judgment connotes a final decision with a res judicata effect.[10] Since

4. Rule 56, Fed.R.Civ.P.; "A partial summary judgment is an ·interlocutory order that is not appealable as a matter of right. It can be reviewed only with the permission of the trial and the appellate court. Nevertheless, in *Culpepper v. Lloyd*, 583 P.2d 500 (Okla.1978), the Supreme Court of Oklahoma reviewed the granting of a partial summary judgment although the trial court had not certified the order for an immediate appeal." Fraser, Appeal and Error: Appeal of Order Granting a Partial Summary Judgment, 31 Okla.L.R. 1009 [1978].

5. "The Supreme Court stated [in *Kepler v. Strain*, Okl., 579 P.2d 191 (1978)] that because Rule 13 of the Oklahoma Rules for District Courts is patterned after Rule 56 of the Federal Rules of Civil Procedure, special consideration will be given to the federal cases." Fraser, Pleading: Right to Amend After Summary Judgment Granted, 31 Okla.L.R. 1011–1012 [1978].

Fed.R.Civ.P. 56(d) provides:

"If on motion under this rule [Rule 56 Summary Judgment] judgment is not rendered on the whole case or for all the relief asked and a trial is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly."

6. *Travelers Indemnity Company v. Erickson's, Inc.*, 396 F.2d 134, 136 [5th Cir. 1968]; *Coffman v. Federal Laboratories, Inc.*, 171 F.2d 94, 98 [3rd Cir. 1948], cert. den., 336 U.S. 913, 69 S.Ct. 603, 93 L.Ed. 1076 [1949]; *E. I. Du Pont De Nemours & Co. v. United States Camo Corp.*, 19 F.R.D. 495, 498 [W.D.Mo.1956]; 6 Moore's Federal Practice, part 2,  56.20, pp. 1205 and 1228 [2nd ed. 1948]; 3–A Ohlinger's Federal Practice, p. 317 [1964]; 10 Wright & Miller, Federal Practice and Procedure §§ 2715, 2737 [1973].

7. *Woods v. Mertes*, 9 F.R.D. 318, 320 [D.Del. 1949] citing the test now at 6 Moore's Federal Practice, part 2, ¶ 56.20, p. 1204 [2nd ed. 1948], distinguishes the function of pretrying a case under Rule 16, which is discretionary, from the duty to make a pretrial order under Rule 56(d). The latter is mandatory.

8. *Report of the Advisory Committee on Rules for Civil Procedure* 5 F.R.D. 433, 475 [1946]; *Boazman v. Economics Laboratory, Inc.*, 537 F.2d 210, 213–214 [5th Cir. 1976]; *Travelers Indemnity Company v. Erickson's, Inc.* supra note 7; *Coffman v. Federal Laboratories, Inc.*, supra note 7; *Biggins v. Oltmer Iron Works,* 154 F.2d 214, 217 [7th Cir. 1946]; *Leonard v. Socony-Vacuum Oil Co., Inc.*, 130 F.2d 535, 536 [7th Cir. 1942]; *Dundee Wine and Spirits, Ltd. v. Glenmore Distilleries Co.*, 238 F.Supp. 283, 290 [E.D.N.Y.1965]; *E. I. Du Pont De Nemours & Co. v. United States Camo Corp.*, supra note 7.

9. Rule 56(d) provides that when the motion is totally or partially denied, the court, if practicable, should make a pretrial order specifying the facts that are established without controversy and those which are in good faith controverted and hence remain to be tried. *Associated Hardware Supply Co. v. Big Wheel Distributing Co.*, 355 F.2d 114, 119 [3rd Cir. 1966].

10. *Commonwealth Ins. Co. of N.Y. v. O. Henry Tent and Awning Co.*, 266 F.2d 200, 201 [7th Cir. 1959] and *Daniels v. Beryllium Corporation*, 211 F.Supp. 452, 456 [E.D.Pa.1962]. Both cases stress that the federal rules of civil procedure do not contemplate a "partial summary judgment". The courts simply misinterpret the

Rule 56(d) does not make any interlocutory order rendered thereunder appealable, "judgment" is a misnomer when applied to such an order. A better term for an order that serves to identify uncontroverted issues and separates them from those to be tried is "interlocutory summary adjudication".[11] This term is descriptive of the order's true function and clearly denotes its interlocutory character.[12]

■ Moreover, since any interlocutory summary adjudication is subject to alteration or modification by the trial court before entry of final judgment[13] determining all the issues raised by a claim,[14] it can have no binding res judicata effect.[15] By issuing an order of this kind, the trial court does not relinquish, but rather retains, full power to make one complete adjudication of all facets of the action when the case comes to be concluded.

■ All these federally evolved concepts apply to our summary disposition procedure. We therefore hold that under our Rule 13, just as it is the case under Rule

56(d), an interlocutory summary disposition of some but not all uncontroverted issues has no res judicata effect and remains subject to the court's power of revision until entry of final judgment upon all the issues in the case. At that time, and not before, would the finding of agency made here become ripe for appellate review.[16]

There are some expressions in *Culpepper v. Lloyd*, Okl., 583 P.2d 500 [1978] which may be regarded as in conflict with this opinion. So far as *Culpepper* is not harmonious with our pronouncement today, it is to be treated as disapproved.

It is extremely unfortunate that the very purpose of summary judgment procedure—that of accelerating litigation process by isolating in advance of trial issues not in controversy—was so totally frustrated in the case at bar. Here, inordinate delay, brought about by this premature appeal, came to paralyze all progress in the action. Hopefully, our opinion today will serve to dispel the confusion—so rampant in the profession—about the proper use of Rule 13 when summary judgment in toto may not

word "judgment" as it is used in the context of that marketplace expression.

11. 2 Moore's Federal Practice, part 2, ¶ 56.20, pp. 1204 and 1209 [2nd ed. 1948].

12. 10 Wright & Miller, Federal Practice and Procedure § 2737 [1973] suggests that an order entered pursuant to Rule 56(d) be referred to as a partial summary adjudication. Compare *New Amsterdam Casualty Co. v. B. L. Jones & Company*, 254 F.2d 917, 919 [5th Cir. 1958] with *Driver v. F. A. Mitchell Co.*, 35 F.R.D. 226, 227 [E.D.Pa.1964]. The word "interlocutory" rather than "partial" accurately describes the nature and effect of the order.

13. *United States v. Desert Gold Mining Company*, 433 F.2d 713, 715 [9th Cir. 1970]; *Fidelity and Casualty Co. of N.Y. v. Carll and Ramagosa, Inc.* 365 F.2d 303, 304 [3rd Cir. 1966]; *Dyal v. Union Bag-Camp Paper Corporation*, 263 F.2d 387, 394 [5th Cir. 1959]; *New Amsterdam Casualty Co. v. B. L. Jones & Company*, supra note 13; *King v. California Co.*, 224 F.2d 193, 197 [5th Cir. 1955]; *Kam Koon Wan v. E. E. Black, Limited*, 182 F.2d 146, 147 [9th Cir. 1950]; *Tye v. Hertz Driv ur self Stations, Inc.*, 173 F.2d 317, 319 [3rd Cir. 1949]; *Gerstle v. Gamble-Skogmo, Inc.*, 298 F.Supp. 66, 74 [E.D. N.Y.1969]; *Driver v. F. A. Mitchell Co.*, supra note 13.

14. For cases with multiple claims or parties see Fed.R.Civ.P. 54(b) and *Audi Vision, Inc. v. R.C.A. Mfg. Co., Inc.*, 136 F.2d 621 [2nd Cir. 1943] and in cases where summary judgment is rendered on the issue of liability alone see Fed. R.Civ.P. 56(c).

15. *United States v. Desert Gold Mining Company*, supra note 14; *Travelers Indemnity Company v. Erickson's, Inc.*, supra note 7; *Fidelity and Casualty Co. of N.Y. v. Carll and Ramagosa, Inc.*, supra note 14; *Dyal v. Union Bag-Camp Paper Corporation*, supra note 14; *New Amsterdam Casualty Co. v. B. L. Jones & Company*, supra note 13; *Coffman v. Federal Laboratories, Inc.*, supra note 7; *Gerstle v. Gamble-Skogmo, Inc.*, supra note 14; *E. I. Du Pont De Nemours & Co. v. United States Camo Corp.*, supra note 7; *Woods v. Mertes*, supra note 8.

16. Federal procedure recognizes an exception to the general rule. An appeal may in some cases lie from an interlocutory summary adjudication if it can be treated as final. *Wynn v. Reconstruction Finance Corp.*, 212 F.2d 953, 956 [9th Cir. 1954]. This situation is not present here.

be rendered but fact issues are nevertheless narrowed.

The appeal, brought here from an unappealable and uncertified interlocutory order, is dismissed. The cause had been improvidently reached on its merits and the decision of the Court of Appeals must be vacated. Cause is accordingly remanded to stand in a posture unhampered by all post-appeal actions.

All Justices concur.