Fletcher L. STUMPH and, Paulette Stumph, Plaintiffs and Appellants,

v.

Dennis G. CHURCH, Douglas W. Church Jay E. Lewis, Rocky Mountain Title & Abstract Company, individually and a corporation, Dick E. Bastian, Gary Cuff, Broker for Bastian Real Estate & Development Co., Gate City Mortgage Company, a North Dakota corporation, Gate City Savings & Loan Association, a North Dakota corporation, Rhonda C. Church, Karalee O. Church Pamela K. Lewis, and Safeco Title Insurance Company, Defendants and Respondents.

No. 860084–CA.

Court of Appeals of Utah.

Aug. 5, 1987.

Thomas S. Taylor, Christensen, Taylor & Moody, Provo, for plaintiffs and appellants.

Frederic Jackman, Orem, for defendants and respondents.

Walter P. Faber, Jr., Salt Lake City, for defendant and respondent—Gate City Mtg. Co.

Before BENCH, GREENWOOD and ORME, JJ.

## OPINION

GREENWOOD, Judge:

Plaintiffs appeal from a judgment that defendant Gate City Mortgage Company (Gate City) had priority over plaintiffs' interest in certain real property.

In July, 1979 plaintiffs purchased two houses from defendants, Dennis G. Church and Douglas W. Church. The purchase was subject to a lien by Deseret Federal Savings and Loan (Deseret Federal), of which plaintiffs had knowledge. The transaction was documented by warranty deeds, deeds of trust and trust deed notes. The deeds were not recorded. Within a few months of their purchase, plaintiffs received late notices from Deseret Federal indicating the payments on the first mortgage were past due. Plaintiffs, at some point, became aware of the "due on sale" clause in the Deseret Federal loan documents and advised Deseret Federal they were leasing the properties, failing to disclose their actual status as buyers. The reason for so informing Deseret Federal is disputed.

A notice of interest in real property was recorded September 24, 1980, indicating that plaintiffs were purchasing the property under a uniform real estate contract. Prior to that recording, Gate City had made a nonowner occupied loan to the Churches, secured by the same real property. A deed of trust reflecting the Gate City loan was recorded April 8, 1980. Gate City's appraiser inspected the two homes prior to the closing of the loan, but did not ask the renters occupying the properties the identity of their landlord.

## I

Plaintiffs argue that Gate City's appraiser had a duty to inquire as to the identity of the landlord of the property under equitable principles of implied notice. Pursuant to Utah Code Ann. § 57-1-6 (1986), conveyances of real property are binding upon persons with "actual notice," even though not properly acknowledged and recorded. The Utah Supreme Court has held that "actual notice" will be imputed "if a party dealing with the land had information of facts which would put a prudent man upon inquiry and which, if pursued, would lead to actual knowledge as to the state of the title." *Johnson v. Bell*, 666 P.2d 308, 310 (Utah 1983). The *Bell* case rejected a claim that a lender had notice of claims of others to certain property, stating that the plaintiffs had the burden of proving facts which would constitute such notice. The Court sustained the trial court's findings that there was no evidence of activity on the property which would have alerted the lender to claims of others or required fur-

ther investigation. *See also Diversified Equities v. American Savings and Loan,* 739 P.2d 1133 (Utah App.1987).

■ Similarly in this case, there was nothing about the property that could have alerted Gate City to the ownership of plaintiffs. The appraiser expected to find, and did find, persons occupying the premises as tenants. The appraiser did not have a duty, as claimed by plaintiffs, to inquire as to the identity of the landlord or ask to see a copy of the lease or rental agreement.

We affirm the trial court's finding that Gate City had priority over plaintiffs in the subject real property.

## II

Plaintiffs also contend that the trial court erred in making and entering findings of fact and conclusions of law involving issues not before the court. The trial court had bifurcated or severed the issues in this case. First tried and decided was the issue before this Court, priority as between Gate City and plaintiffs, subsequently certified as a final order under Utah R.Civ.P. 54(b), allowing appeal to this Court. The remaining issues, which include allegations of damages, fraud, misrepresentation, and breach of contract, have not yet been tried. Plaintiffs argue that some of the findings of fact and conclusions of law were not necessary for the priority determination and those unnecessary findings and conclusions may adversely prejudice plaintiffs in trial on the remaining issues.

Although not raised in the brief nor oral argument, plaintiffs appear to fear that the rulings in the priority phase of the action will be binding in the subsequent proceeding concerning fraud and other matters, by virtue of the doctrine of collateral estoppel. Collateral estoppel precludes relitigation of an issue only if "the issue actually litigated in the first suit must have been essential to the resolution of that suit." *Copper State Thrift and Loan v. Bruno,* 735 P.2d 387,

390 (Utah App.1987).[1]  In addition, collateral estoppel requires application of the following criteria:

1. Was the issue decided in the prior adjudication identical with the one presented in the action in question?
2. Was there a final judgment on the merits?
3. Was the party against whom the plea is asserted a party or in privity with the party to the prior adjudication?
4. Was the issue in the first case, competently, fully, and fairly litigated?

*Id.* at 389.

■ We will defer for now to the trial court in its proceedings on the remainder of this case, for appropriate consideration of whether or not collateral estoppel bars relitigation of some issues or findings. If, as claimed by plaintiffs, those findings were unnecessary for resolution of the priority claim, they will not be binding in the subsequent proceedings.

Affirmed. Costs to Gate City.

ORME and BENCH, JJ., concur.

■

1. Normally a partial judgment on only one phase of a severed action would not result in possible application of collateral estoppel or res judicata because of the lack of a final order. *Reams v. Tulsa Cable Television, Inc.,* 604 P.2d 373, 374 (Okla.1979). However, where that partial judgment becomes a final judgment, collateral estoppel may be invoked, where appropriate.