**Claudia M. COPIER, Plaintiff and Appellee,**

v.

**Robert H. COPIER, Defendant and Appellant.**

**No. 970115–CA.**

Court of Appeals of Utah.

May 30, 1997.

---

5. The decision in *Walen* was later vacated because the child had been returned to the mother before the decision issued. *See State ex rel. Juvenile Department v. Walen,* 785 P.2d 360, 360 (Or.Ct.App.1989).

Robert H. Copier, Salt Lake City, Plaintiff and Appellant pro se.

David C. Anderson, Salt Lake City, for Defendant and Appellee.

Before DAVIS, P.J., and BENCH and ORME, JJ.

## OPINION

PER CURIAM:

Appellant Robert H. Copier appeals from a divorce decree, an order denying a motion for new trial, and an order denying objections to the commissioner's recommendation setting temporary support amounts. This appeal is before the court on a sua sponte motion for summary disposition on the basis that the appeal must be dismissed for lack of jurisdiction because no final appealable order has been entered in the case and permission to appeal from an interlocutory order was neither sought nor granted. We dismiss the appeal.

The proceedings were bifurcated in the district court. The court entered findings of fact, conclusions of law and a decree of divorce on September 19, 1996. The decree dissolved the marriage, effective in six months, but reserved all remaining issues for trial.

Because the district court has continuing jurisdiction in divorce proceedings under Utah Code Ann. § 30–3–5 (1995), several orders in a single divorce proceeding may be final and appealable. "[T]he district court, which has continuing jurisdiction after entry of a final divorce decree, may adjudicate a petition to modify the decree due to a change of circumstances while the decree is pending on appeal since the petition for modification is collateral to the divorce decree." *White v. State,* 795 P.2d 648, 650 (Utah 1990) (per curiam) (citing *Peters v. Peters,* 15 Utah 2d 413, 416–17, 394 P.2d 71, 73 (1964)). However, the decree in this case is not a final divorce decree, and the ongoing proceedings are not within the court's continuing jurisdiction under section 30–3–5.

The divorce decree entered in the bifurcated proceedings was not a final divorce decree because it did not resolve the controversy between the parties and conclude the divorce litigation. *See Salt Lake*

*City v. Layton,* 600 P.2d 538, 539–40 (Utah 1979) ("[A] judgment which disposes of fewer than all of the causes of action alleged in the plaintiff's complaint is not a final judgment from which an appeal may be taken.") (citing *J.B. & R.E. Walker, Inc. v. Thayn,* 17 Utah 2d 120, 121, 405 P.2d 342, 343 (1965) (per curiam)). A party seeking to appeal the initial ruling in a bifurcated proceeding must obtain certification of the judgment or order as a final order under Rule 54(b) of the Utah Rules of Civil Procedure, or obtain permission from the appellate court to file an interlocutory appeal under Rule 5 of the Utah Rules of Appellate Procedure. *See First Security Bank v. Conlin,* 817 P.2d 298, 299 (Utah 1991) (per curiam); *Stumph v. Church,* 740 P.2d 820, 822 (Utah.Ct.App.1987). This case involves a bifurcation of the issues relating to dissolution of the marriage from the issues relating to property division, child support, alimony, and related financial matters. As such, the divorce decree dissolving the marriage, but reserving the remaining issues for trial, is not a final judgment appealable as a matter of right absent Rule 54(b) certification. The remaining orders challenged in this appeal are also interlocutory and not appealable as a matter of right prior to final judgment.

Accordingly, we dismiss the appeal.