2004 OK CIV APP 27

The ESTATE of L. Merle CABELKA, by and through the Personal Representative, Kenneth CABELKA, Kenneth Cabelka, individually, Debra Ann McAlister, individually, and Larry Cecil Cabelka, individually, Plaintiffs/Appellants,

v.

COMANCHE COUNTY HOSPITAL, OF LAWTON, Oklahoma; David Behm, D.O., individually; and John Doe or Jane Doe, Defendants/Appellees.

Nos. 99,072, 99,703.[1]

Court of Civil Appeals of Oklahoma, Division No. 3.

Oct. 17, 2003.

Rehearing Denied Dec. 12, 2003.

1. The cases were made companion cases by Supreme Court order of April 24, 2003.

Thomas J. Steece, Robert T. Kincaid, III, Oklahoma City, OK, for Plaintiffs /Appellants.

Inona Jane Harness, Haven Tobias, Leslie D. Guajardo, Pierce Couch Hendrickson Baysinger & Green, L.L.P., Oklahoma City, OK, for Defendant/Appellee, Comanche County Hospital.

Hilton H. Walters, Janice M. Dansby, Travis K. Siegel, Rife & Walters, Oklahoma City, OK, for Defendant/Appellee, David Behm, D.O.

Opinion by CAROL M. HANSEN, Judge.

¶ 1 In this action arising from the alleged wrongful death of L. Merle Cabelka (Decedent) in January 1997, Appellants—Decedent's estate and his children individually (collectively Appellants)—appeal from summary judgment in favor of Appellees, Comanche County Hospital and its employees Dr. David Behm and John or Jane Doe (collectively Hospital).[2]

¶ 2 The Court of Civil Appeals previously considered this matter in Appeal No. 92,651 (hereafter *Cabelka I* ), handed down by another division on May 25, 1999. That appeal was also from the trial court's grant of summary judgment in favor of Hospital. Hospital moved for summary judgment based on Appellants' failure to comply with notice provisions of the Governmental Tort Claims Act (GTCA), 51 O.S. Supp.1996 §§ 152 *et seq.* In *Cabelka I,* Appellants disputed neither the failure of notice nor that Hospital was a public trust. They instead contended Hospital was not entitled to the protection of the GTCA as a political subdivision because Comanche County, as beneficiary of the public trust under which Hospital operated, did not retain the requisite control over Hospital's operations.

¶ 3 In determining the issue of control, the Court of Civil Appeals in *Cabelka I* looked to the following definition of "political subdivision" found, in relevant part, at 51 O.S. Supp. 1996 § 152(8)(d):

. . .

d. a public trust where the sole beneficiary or beneficiaries are a city, town, school district or county. For purposes of the [GTCA], a public trust shall include a . . . county hospital . . . that is operated for the public benefit by a public trust created pursuant to Section 176 et. seq. of Title 60 of the Oklahoma statutes and managed by a governing board appointed or elected by the municipality, county, or both, who exercises control of the hospital, subject to the approval of the governing body of the municipality, county, or both, provided, . . .

¶ 4 The Court in *Cabelka I* found certain language in the Declaration of Trust itself raised material questions of fact on control of Hospital by the county governing body, which the Court held precluded summary judgment "on the issue of whether Hospital qualifies for the privileges of the GTCA." The Court remanded the case to the trial court "for development of sufficient facts for a determination of the critical issue of whether the County's authority has been stripped

2. The appeal is submitted without appellate briefing in accordance with the accelerated procedure under Rule 1.36, Oklahoma Supreme Court Rules, 12 O.S.2001, Ch.15, App.

to the extent that it disqualifies the Hospital Trust from qualification as a political subdivision under the GTCA." In its determination, the Court looked to the "control" factors set out in *Roberts v. South Community Hospital*, 1986 OK 52, 742 P.2d 1077, although recognizing amendments to the GTCA post-*Roberts* necessitated only a finding that the governing body had "approval" authority over Hospital.

¶5 In *Cabelka I*, the Court included a footnote considering the constitutional import of 51 O.S. Supp.1996 § 152(8)(d). While noting the issue had neither been raised in the trial court nor briefed by the parties, the Court questioned whether the Legislature, in § 152(8)(d), had "vested an entity that is private in nature, or at best a hybrid, with the privileges of governmental immunity." If so, the Court suggested, questions of "constitutional dimensions" were raised under Article II, § 6, and Article V, §§ 46 and 51 of the Oklahoma Constitution.[3]

¶6 Another issue discussed in the same footnote, and which was also not previously raised nor briefed, was a possible conflict with Article V, § 51 of the Oklahoma Constitution by granting "exclusive rights, privileges or immunities" to a "nonpublic enterprise". The Court cited Justice Opala's concurring opinion in *Roberts v. South Community Hospital*, 742 P.2d at 1084. There the Justice propounded the non-availability of governmental immunity for "nonpublic enterprises", which he defined as neither generating nor receiving public funds. The *Cabelka I* Court noted the lack of evidence of the exchange of public funds between Hospital and the county government.

¶7 Upon remand, and after further discovery, Appellants filed their August 26, 2002 *Primary and Alternative Motions for Summary Judgment on Pure Points of Law*. In this motion, Appellants, basing their arguments substantially on the issues raised in the *Cabelka I* footnote, asked the trial court to summarily determine the constitutionality of 51 O.S. Supp.1996 § 152(8)(d) and 60 O.S. Supp.1996 § 176.1(F).[4] Alternatively, Appellants contended they were entitled to summary judgment because [1] the record establishes insufficient control by the governing authority over Hospital, or, [2] Hospital has waived its immunity "by engaging in an ordinary business venture and competing with private hospitals." Appellants asked the trial court to declare Hospital "not immune from suit under the GTCA" and allow the matter to proceed to trial.

¶8 Hospital, and Dr. Behm separately, responded to Appellants' motion and asserted their own motions for summary judgment. Hospital contended its status as a public trust political subdivision pursuant to the GTCA did not violate either the Oklahoma or United States Constitutions. It further argued its status as a political subdivision under the GTCA, and Appellants' failure to provide the requisite notice, entitled it to summary judgment. Dr. Behm contended he was entitled to summary judgment under 51 O.S. Supp.1996 § 152.1(A) as Hospital's employee acting within the scope of employment, and additionally because Appellants had failed to show causation of injury.

¶9 In granting summary judgment for Hospital, the trial court found Hospital was a public trust created for public benefit, that Hospital was a political subdivision within the definition of 51 O.S. Supp.1996 § 152(8)(d), and that Appellants had not filed written notice pursuant to the GTCA. In subsequent orders, the trial court disposed of all remaining claims by dismissing the claims against Dr. Behm, finding he was an employee of Hospital acting within the scope of his employment, and denying Appellants' Motion for Summary Judgment on Pure Points of Law. Appellants appeal from these trial court orders.

■ ¶10 We review a grant of summary judgment *de novo*, that is, a non-deferential reexamination of the trial court's ruling, be-

---

3. These constitutional provisions deal with, in order, access to the courts, prohibition on local and special laws, and granting of exclusive rights, privileges and immunities.

4. The latter sub-section conditions the remainder of § 176.1, which generally presumes public trusts meeting set criteria exist for public benefit, by providing that the section shall not affect coverage of any entity under the GTCA.

cause the determination is whether a party is entitled to judgment as a matter of law. *Cranford v. Bartlett,* 2001 OK 47, 25 P.3d 918. Inferences and conclusions arising from the evidentiary materials are viewed in a light most favorable to the non-moving party. *Id.,* at 920. Similarly, the question concerning Hospital's status as a "true public trust" under the GTCA is reviewable by a *de novo* standard. *Offield ex rel. Offield v. Park View Hosp.,* 2002 OK CIV APP 104, 57 P.3d 135.

 ¶ 11 Appellants again do not contend Hospital is not a public trust created, as required by § 152(8)(d) of the GTCA, "pursuant to Section 176 et. seq. of Title 60 of the Oklahoma statutes." They instead argue the Legislature unconstitutionally erred in defining public trust hospitals as political subdivisions under § 152(8)(d) where the trust is "privately created/established/funded." While Appellants additionally assert, *inter alia,* appellate positions regarding the issue of "control" by the county government over Hospital, they effectively abandoned that issue in argument to the trial court when their counsel stated, "[w]ith respect to the control issue, I'm not relying on that", and arguing instead the constitutional issues. *See, Hoover v. Kiowa Tribe of Oklahoma,* 1995 OK 136, 909 P.2d 59.

 ¶ 12 Appellants' constitutional contentions are premised upon their assertion Hospital was "privately created/established/funded" and that the Legislature cannot bestow sovereign immunity, an attribute of government, upon a private entity. Appellants relate this assertion to a number of arguments they make regarding the issues raised in the *Cabelka I* footnote and other constitutional claims. Those arguments fail, however, because the evidentiary material before the trial court does not support them. There is a strong presumption which favors the constitutionality of legislative acts. *Black v. Ball Janitorial Service, Inc.,* 1986 OK 75, 730 P.2d 510. We will uphold a statute unless "it is clearly, palpably and plainly inconsistent with our fundamental law." *Id.,* at 512.

¶ 13 Appellants contend Hospital's trust was created by one wealthy individual acting as Trustor in his private capacity. There is nothing in the record however to establish why or in what capacity the Trustor may have acted, or that he contributed anything to the trust estate. The Declaration of Trust does state the trust shall not be deemed or construed to be the creation of a public trust by the beneficiary, Comanche County, or its governing body.

¶ 14 For whatever legal purposes that provision may have been included, the record evidences Hospital had been built by Comanche County and had been functioning as a county hospital before the 1971 creation of the public trust under which it now operates. Hospital produced the affidavit of one who was trustee at the time the trust was created. That affidavit states no private money was contributed by the Trustor, or anyone else, to fund the trust. The record also reflects that Comanche County, on the day it accepted beneficial interest in the trust, leased to the Trust Authority the county's "hospital property, buildings, equipment and facilities", with no consideration other than installation and construction of improvements to the property to aid the county "in the performance of its public functions."

¶ 15 The underpinnings of Appellants' constitutional contentions is that a distinction must be drawn in assignation of sovereign immunity between "publicly" and "privately" created public trusts. Presuming, without deciding, that Appellants' contention has merit, because they have conceded Hospital is a properly created public trust it is their burden to establish the facts pertaining to hospital. They have failed in that burden.

 ¶ 16 A party may not rely on the allegations in their pleadings, or the bald contention that facts exist, to defeat a motion for summary judgment. *Culpepper v. Lloyd,* 1978 OK 90, 583 P.2d 500. Stated another way, the trial court's ruling on summary judgment must be based on the record actually presented, not on that which is potentially possible. *Frey v. Independence Fire and Cas. Co.,* 1985 OK 25, 698 P.2d 17.

 ¶ 17 Appellants have conceded the *Roberts* criteria for "control" of public trusts

by the governing authorities are no longer applicable under current statutes, but they do allude to the effect of "approval" authority by the governing entities in their list of appellate issues. The Court of Civil Appeals has previously considered the *Roberts* "control" issue in other cases. In *Offield ex rel. Offield v. Park View Hosp.*, 57 P.3d at 138, with facts very similar to those before us, the Court found, as a matter of law, that the *Roberts* analysis did not apply.

¶ 18 The *Offield* Court noted that *Roberts* and its progeny concerned claims which arose when the GTCA either defined "political subdivision" to include public trusts, but without specific reference to hospitals, or expressly excluded hospitals operating under a trust authority from the definition. The Court there further noted that in 1987, after *Roberts* was handed down, the Legislature again amended 51 O.S. Supp.1987 § 152(8)(d) to specifically include hospitals "operated for the public benefit by a public trust." The Court of Civil Appeals construed the 1987 amendment "as the Legislature's response to *Roberts* and evincing an intent to change the law."

¶ 19 In another case with similar facts, *Elledge v. Stillwater Medical Center*, 2003 OK CIV APP 6, 62 P.3d 793, the Court of Civil Appeals again determined the *Roberts* factors were no longer relevant after the 1987 amendment to § 152(8). The plaintiff/appellant had argued the hospital trust there was an "illusory trust" under *Roberts* because the city had no claim to the trust's income, no authority to transact the trust's business, no control over the trust's finances and no control over hiring decisions.

¶ 20 The Court in *Elledge* also looked to the mandate for separateness and independence between the public trust and beneficiary set forth in 60 O.S.2001 § 176.1(D).[5] Reading this section with § 152(8)(d), the Court concluded:

... the [L]egislature intended to extend the [GTCA's] coverage to public trust hospitals that controlled their own budget and

performed other management functions as provided by general public trust law. The relevant inquiry under current law is whether the exercise of control by SMC's trustees is "subject to the approval" of the city's governing body, as required by § 152(8)(d).

. . . .

... The statute's "political subdivision" definition does not contemplate complete accountability by a trust, nor absolute control by a beneficiary. It intends general oversight by the beneficiary to ensure compliance with the trust indenture and the public trust statutes. In the absence of specific statutory directions, the manner in which such oversight needs to be carried out is a matter for the municipal beneficiary to determine.

¶ 21 The *Elledge* Court held the plaintiff failed in his burden to show the "city failed to approve some specific act for which approval was required by the trust document or the statutes, or refused to review some specific challenged or questionable act of the trustees." Appellants have also failed to make such a showing. There is no merit to their contention Hospital should not be deemed a political subdivision under the GTCA because Comanche County exercises insufficient "approval" authority.

¶ 22 Finally, Appellants complain the trial court erred in not forcing Hospital to cooperate in discovery and in not holding Hospital's motions for summary judgment in abeyance pending further discovery. These contentions also lack merit. The record shows Hospital did respond to Appellants' discovery requests. Appellants' supplemental discovery requests dealt with issues of care and treatment, not the dispositive issues before the trial court. As argued by Hospital, lack of discovery did not hinder Appellants in filing their own motion for summary judgment, which is premised on the same issues as put forth by Hospital in its counter-motions.

---

5. Section 176.1(D) provides that except where otherwise provided by statute or the trust indenture, "the affairs of the public trust shall be separate and independent from the affairs of the

beneficiary in all matters or activities authorized by the written instrument creating such public trust, including ...

¶ 23 Viewing the evidentiary materials in a light most favorable to Appellants, we find there are no material facts remaining at issue and that Hospital was entitled to summary judgment as a matter of law. *Cranford v. Bartlett,* 25 P.3d at 920. Accordingly, the judgment of the trial court is AFFIRMED.

JONES, J., and MITCHELL, P.J., concur.