2011 UT App 83

**Joanne STONE, Petitioner and Appellee,**

v.

**Todd STONE, Respondent and Appellant.**

**No. 20100270–CA.**

Court of Appeals of Utah.

March 17, 2011.

Todd Stone, Salt Lake City, Appellant Pro Se.

Before Judges ORME, VOROS, and ROTH.

## DECISION

PER CURIAM:

¶ 1 Todd Stone appeals the district court's order regarding a hearing on October 19, 2007, finding him in contempt and assessing sanctions. We affirm.

¶ 2 In divorce cases, the district court retains ongoing jurisdiction, so there may be several final and appealable orders within a single proceeding. *See Copier v. Copier*, 939 P.2d 202, 203 (Utah Ct.App.1997) (per curiam). A final order in the divorce context is one that resolves the instant specific controversy between the parties. *See id.* As a result, a final order may be narrow in scope depending on the particular controversy at issue. Here, the October 19, 2007 hearing and resulting order related to a relatively narrow matter of contempt allegations that were certified to the district court for hearing. Stone's brief, however, lists many documents, objections, hearings, and perceived wrongs that do not appear relevant to the narrow scope of the order appealed.

¶ 3 Most of Stone's asserted issues go far beyond the scope of the contempt issues at the hearing. For example, he asserts that the supplemental divorce decree entered in January 2006 is not a final order and therefore seeks to reargue matters regarding that order. However, the supplemental decree is a final order in these divorce proceedings and has been affirmed on appeal. *See Stone v. Stone*, 2008 UT App 154U, 2008 WL 1903740 (per curiam). Accordingly, all issues involving that decree have been finally determined.

¶ 4 Stone also asserts that his rights are being violated because he has been required to pay an attorney fee assessment from 2006 before certain hearings may be scheduled. However, the condition of payment was not at issue in the contempt hearing. The matters certified were not related to the condition of payment, and some of Stone's own allegations of contempt against his wife were, in fact, heard at the hearing. So, it does not appear that the failure to pay the 2006 assessment or the related limitation on hearings were relevant to the October 2007 contempt hearing. As a result, any issue related to the 2006 attorney fee assessment is beyond the scope of the current appeal.[1]

¶ 5 Stone also asserts that he was entitled to have his own proposed order signed and entered by the trial court as the formal order pursuant to *Code v. Department of Health*, 2007 UT 43, 162 P.3d 1097. In *Code*, the supreme court determined that if a prevailing party fails to file an order as required under rule 7(f) of the Utah Rules of Civil Procedure, the nonprevailing party may file a proposed order to pursue finality for purposes of appeal. *See id.* ¶ 7. Joanne Stone's counsel failed to file an order memorializing the October 2007 rulings, so Stone submitted his own proposed order in 2009, as permitted under *Code*.

¶ 6 The district court declined to sign Stone's order because it was not consistent

---

1. Furthermore, in May 2007, Stone had the opportunity to address that specific condition at the commissioner's request but did not do so. Argu-ably, then, he has waived any objection to that condition.

with the rulings. Under rule 7(f), proposed orders submitted to the district court must be in conformity with the court's decision. *See* Utah R. Civ. P. 7(f)(2). The district court noted that Stone's order was not in conformity with its decision and, accordingly, was not appropriate for entry. Stone is not entitled to have a nonconforming order entered by the district court.

¶ 7 Stone has not shown any error in the district court's order finding him in contempt and assessing sanctions.[2]

¶ 8 Affirmed.

---

**2.** Stone raises other issues in his brief. We determine they are wholly lacking in merit and decline to address them further. *See Beehive Brick Co. v. Robinson Brick Co.,* 780 P.2d 827, 833 (Utah Ct.App.1989) (noting that the court "need not analyze and address in writing each and every argument").