ARMED SERVICES BOARD OF CONTRACT APPEALS

| | | |
|---|---|---|
| Appeals of -- | ) | |
| | ) | |
| Combat Support Associates | ) | ASBCA Nos. 58945, 58946 |
| | ) | |
| Under Contract No. DASA02-99-C-1234 | ) | |

APPEARANCES FOR THE APPELLANT: Karen L. Manos, Esq.
Owen E. Whitehurst, Esq.
  Gibson, Dunn & Crutcher LLP
  Washington, DC

APPEARANCES FOR THE GOVERNMENT: E. Michael Chiaparas, Esq.
  DCMA Chief Trial Attorney
Douglas R. Jacobson, Esq.
  Trial Attorney
  Defense Contract Management Agency
  Bloomington, MN

## OPINION BY ADMINISTRATIVE JUDGE MCILMAIL
## ON APPELLANT'S MOTION TO DISMISS FOR LACK OF JURISDICTION

Appellant moves to dismiss these appeals from government claims for lack of jurisdiction, contending that the government's claims are barred by the statute of limitations. The Board denies the motion, without prejudice.

## STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

1. On 13 July 1999, the Department of the Army (government) awarded Contract No. DASA02-99-C-1234 to appellant, Combat Support Associates, for the provision of support and security services in Kuwait (R4, tab 1 at 1; app. mot. at 1, ¶ 1; gov't opp'n br. at 1).

2. On 30 August 2007, appellant submitted to the government its fiscal year (FY) 2006 incurred cost submission (ICS) (app. mot., ex. 1 at 2).

3. On 10 May 2007, the government requested that appellant submit three additional items: (1) a formal letter confirming the submission of the ICS; (2) a compact disc containing "the same information"; and (3) a "Schedule T" (app. mot., ex. 2).

4. On 14 May 2007, appellant submitted to the government a formal letter confirming its ICS submission (app. mot., ex. 3).

5. On 20 May 2007, appellant submitted to the government its "Schedule T," and a compact disc with a copy of that schedule (app. mot., ex. 4).

6. On 25 August 2007, appellant submitted to the government revised Schedules A and B of its ICS (app. mot., ex. 5).

7. On 17 June 2013, the Defense Contract Audit Agency (DCAA) issued a report on an audit of the ICS (app. mot., ex. 6).

8. On 23 August 2013, the administrative contracting officer (ACO), having reviewed the DCAA audit report, issued two final decisions, one demanding that appellant pay the government $332,167 in disallowed direct costs (app. mot., ex. 7), and the other disallowing indirect costs and unilaterally determining appellant's indirect cost rates for FY 2006 (app. mot., ex. 8).

9. The ACO's payment demand consists of two categories of disallowed direct costs: (1) $308,889 in equipment costs, and (2) $23,278 in telephone and fax expenses (app. mot., ex. 7 at 1-2). The ACO disallowed and demanded repayment of $164,008 of the equipment costs because it determined that appellant had failed to provide documentation that justified the purchase of Caterpillar equipment from Winner International Trading Company (Winner), as opposed to from whom the ACO identified as the sole authorized distributor of Caterpillar equipment in Kuwait in FY 2006, Mohamed Adulrahman Al-Bahar (id. at 1). The amount disallowed was the difference in price between the two suppliers (app. mot., ex. 6 at 33). The ACO disallowed and demanded repayment of $144,881 of the equipment costs because it determined that appellant had failed to provide documentation that justified "the selection of Volvo Motor Road Grader rather than the lowest bidder supplier" (app. mot., ex. 7 at 1-2).

10. The ACO also disallowed and demanded repayment of $23,278 in telephone and fax expenses "to adjust for personal use of [the] telephones and fax machines by [appellant's] employees" (app. mot., ex. 7 at 2). The ACO explained that "[d]uring DCAA audit, [appellant] acknowledged" that the $108,777 in telephone and fax expenses that appellant had proposed "includes unallowable telephone/fax expenses costs [sic] that were not voluntarily deleted" (id.). Such personal-use telephone and fax expenses also comprise $133,779 (of $625,135 such expenses proposed) of the $1,409,464 in indirect cost disallowances that form the basis of the CO's unilateral determination of appellant's FY 2006 indirect cost rates (app. mot., ex. 8 at 1-3). Including telephone and fax expenses, those indirect cost disallowances consist of seven distinct categories (id. at 1).

11. On 2 October 2013, appellant timely filed an appeal docketed as ASBCA No. 58945 (appealing the CO's final decision demanding payment of disallowed direct costs), and filed an appeal docketed as ASBCA No. 58946 (appealing the CO's final decision disallowing indirect costs and determining indirect cost rates).

2

12. On 20 March 2014, DCAA Supervisory Auditor Kathryn Adamson declared under penalty of perjury that:

> I have reviewed the DCAA files related to [appellant's ICS] and, to the best of my knowledge, the supporting data related to those costs identified in the two (2) Government contracting officer final decisions dated August 23, 2013 was not provided to the auditors until after August 23, 2007.

(Gov't opp'n, ex. G-1)

## DECISION

Appellant seeks the dismissal of these appeals for lack of jurisdiction, contending that they are time barred pursuant to the Contract Disputes Act, 41 U.S.C. § 7103(a)(4). That section requires a contract claim to be "submitted within 6 years after the accrual of the claim." *Id.* The government opposes, making it the proponent of the Board's jurisdiction, with the burden of proving that the Board possesses jurisdiction to entertain the appeals.[1] *Raytheon Missile Systems*, ASBCA No. 58011, 13 BCA ¶ 35,241 at 173,016. The government must establish, by a preponderance of the evidence, facts sufficient to invoke the Board's jurisdiction. *See Reynolds v. Army & Air Force Exchange Service*, 846 F.2d 746, 748 (Fed. Cir. 1988).

In deciding the motion, the Board has presumed undisputed facts to be true; disputed jurisdictional facts have been subjected to our fact-finding based upon a review of the record. *Raytheon Missile Systems*, 13 BCA ¶ 35,241 at 173,016. A claim accrues under the CDA when "all events, that fix the alleged liability...and permit assertion of the claim, were known or should have been known." *Id.* at 173,017 (citing FAR 33.201). Given the CDA's six-year limitation, to be timely, the government's 23 August 2013 claims must have accrued on or after 23 August 2007.

The government has met its burden, at least upon the record currently before the Board. Appellant contends that the government's claims accrued no later than 20 May

---

[1] At page 2 of its brief, the government cites *Sikorsky Aircraft Corp. v. United States*, 105 Fed. Cl. 657 (2012) (the government's citation mistakenly reports that the court issued its opinion in 2013), an opinion that is not binding precedent for the Board. *M.A. Mortenson Co.*, ASBCA No. 53346, 05-2 BCA ¶33,014 at 163,616 n.3. In addition, the government follows that citation with a quotation (at page 3 of its brief) that does not appear in the opinion that begins at 105 Fed. Cl. 657, but in *Sikorsky Aircraft Corp. v. United States*, 110 Fed. Cl. 210, 220 (2013). The government provides "*Sikorsky* at 11" as the citation for the quotation.

3

2007 (app. mot. at 4), when (except for revisions to Schedules A and B) appellant completed the submission of its ICS (SOF ¶¶ 5-6). The government contends that it "had no knowledge, and had no reason to know, whether the costs were allowable until [appellant] provided the detailed information (adequate supporting data) showing the costs were allowable" (gov't opp'n br. at 7). In support of that contention, the government relies upon the declaration of DCAA Supervisory Auditor Adamson, who states that "the supporting data related to those costs identified in the two (2) Government contracting officer final decisions dated August 23, 2013 was not provided to the auditors until after August 23, 2007" (SOF ¶ 12). Appellant does not counter by demonstrating that, even without any supporting data, the government had, on 20 May 2007, the information it needed to know that it had the claims set forth in the ACO's 23 August 2013 final decisions (that is, a demand for payment of disallowed direct costs, and the unilateral determination of indirect cost rates based upon the disallowance of indirect costs), or that the government had additional information before 23 August 2007 from which it knew or should have known of its claims.

For example, appellant does not demonstrate that the ICS informed the government that appellant had purchased Caterpillar equipment from Winner instead of Mohamed Adulrahman Al-Bahar; the reason that the ACO demanded the repayment of $164,008 in billed equipment costs (SOF ¶ 9). Nor does appellant demonstrate that the ICS informed the government that appellant had selected Volvo Motor Road Grader rather than "the lowest bidder supplier," the reason that the government demanded the repayment of $144,881 in billed equipment costs (*id.*). Indeed, the ICS does not appear to indicate that appellant purchased Caterpillar equipment from Winner, or that it had selected Volvo Road Grader (app. mot., exs. 1, 4). In addition, although the ICS proposes $625,135 in telephone and fax expenses (app. mot., ex. 1), it does not appear also to indicate that some of those expenses were the result of personal use by appellant's employees. Finally, appellant does not counter Ms. Adamson's declaration by demonstrating that any of the disallowances that form the bases for the government's claims was otherwise determinable prior to 23 August 2007 (perhaps, for example, by reference to the Federal Acquisition Regulation), even without any of the "supporting data" to which Ms. Adamson refers.

Appellant replies that a contractor is not required to submit supporting data with an ICS. That misses the point. The issue raised by appellant's motion is when the government knew or should have known of its claims; not whether the ICS satisfied the requirements for an ICS. Upon the record currently before the Board, the government has established that it knew or had reason to know of its claims only after 23 August 2007, upon appellant's submission of the "supporting data" from which the government learned, or had reason to learn, of its claims. Because it brought those claims on 23 August 2013, within six years of 23 August 2007, those claims are not time barred, and the Board possesses jurisdiction to entertain them.

4

For these reasons, appellant's motion to dismiss these appeals is denied, without prejudice. This decision is interlocutory. *See Checker Moving*, ASBCA No. 32654, 87-1 BCA ¶ 19,357 at 97,904. Therefore, it is subject to modification. *E.I. du Pont de Nemours & Co. v. United States Camo Corp.*, 19 F.R.D. 495, 498 (W.D. Mo. 1956). Indeed, the Board has a special obligation to satisfy itself of its own jurisdiction, *see Weeks Marine, Inc. v. United States*, 575 F.3d 1352, 1359 (Fed. Cir. 2009), and will be mindful of that obligation as the record develops further regarding the several components of the government's claims. Accordingly, the jurisdictional evidentiary hearing currently scheduled for 18-19 November 2014 is canceled, to be rescheduled to coincide with any hearing upon the merits of these appeals.

Dated: 22 October 2014

TIMOTHY P. MCILMAIL
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA Nos. 58945, 58946, Appeals of Combat Support Associates, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

5